*H. M. Shelby*, for defendant.

———————•◦•———————

## BRADLEY *v.* KENNEDY.

Where the declaration in slander contains several counts, two of which charge the speaking of words at different times, and a general verdict is rendered, the judgment will not be reversed.

It is the exclusive province of a jury to decide the facts in a case.

It is not error to exclude immaterial testimony.

To sustain the plea of justification to an action of slander, the testimony of more than one witness, or of one witness, and strong corroborating circumstances, are necessary.

### *Error to Wapello District Court.*

*Opinion by* WILLIAMS, C. J.   James Kennedy brought his action, for slanderous words against Thomas W. Bradley in the district court of Wapello county.   The declaration of the plaintiff sets forth in the proper form of law, words alleged therein to have been spoken by the defendant of and concerning the plaintiff, imputing to him, and charging him with, the crime of perjury.   There are several counts contained in the declaration.   The words laid in each, are substantially the same, and they are clearly actionable.   The defendant filed his plea, of not guilty and justification.   The cause was tried by a jury, and a verdict and judgment rendered in favor of the plaintiff for one hundred dollars damages.

The first error assigned is, that " the district court erred in overruling the motion to arrest the judgment, on the

verdict of the jury." In support of this motion, it was alleged, in the court below, that the declaration contains several counts, two of which charge the speaking of different words, at different times, whereas the verdict of the jury is general.

It is true, that the declaration is made up of several counts, and that the words, in two of the counts, are not precisely the same, and are laid to have been spoken at different times. But, substantially, the words laid in them, charge the same crime upon the plaintiff below, being that of wilful and corrupt perjury, in such a manner as to render them in law actionable. The fact, that they are laid as having been spoken at different times, furnishes no ground for an available objection. The words charge the same crime, and the finding of the jury was, doubtless, based upon the conclusion, that the evidence adduced, satisfactorily proved the allegations contained in all the counts. The counts do not show a charge of more than one crime. Besides, the pleas of the defendant, being the general issue and justification specially pleaded, apply to all the counts in the declaration alike. We find no legal objection to the verdict, on this score. The court, therefore, did not err in overruling the motion to arrest the judgment.

The second error assigned, is that the "district court erred, in this, that the judge instructed the jury as to the facts of the case, and not as to the law alone."

This assignment has not been pressed upon the attention of this court with much apparent confidence, by the counsel for the plaintiff in error; but nevertheless, being presented for adjudication, it devolves upon us to examine whether it be well founded.

Our legislature, by positive and prohibitory enactment, have confined the judges of our district courts to instruction in the law, alone, and made it the exclusive province of the jury, unaided and unadvised by the court, to decide as to the facts in question, adduced in evidence on the trial. After careful and full examination of the

Bradley *v.* Kennedy.

bill of exceptions in this case, we think that the judge, who tried the cause below, has not overstepped the limits prescribed by the legislature in the instructions given.

The third assignment of error is, that "the judge of the district court erred, in excluding the testimony of witnesses in respect to the declarations of the plaintiff below, that he was prosecuting the suit to break up defendant, who felt too large, and he was determined to bring him down, and that his father-in-law had furnished him (the plaintiff) with five hundred dollars to carry on the suit." The question, here presented, is this, viz:— Was this evidence material in this case, upon the issue joined between the parties? We are unable to see its materiality. The defendant, after pleading the general issue, pleaded specially, justification. He first, put the plaintiff to the proof of the words, as alleged in the declaration to have been spoken; and then, in the event of their being proved, for a defence to the plaintiff's action, by his special plea, stood forth before the court and jury, and justified the speaking of the words, by affirming, and contending that they were true. We cannot see what material bearing the evidence offered could have on the case so presented; as the case stood upon the issue thus joined, and at this point in the proceeding, the defendant was exclusively put upon the proof of his plea of justification. Had he merely put in the plea of the general issue, denying only, the speaking of the words, then the motive of the plaintiff in bringing the suit, might with more propriety have been assailed. But the evidence offerred, fairly construed, could establish no more, than that the plaintiff was not without the means of prosecuting his suit, which had been already instituted; and that the defendant had assumed high ground in charging the crime of perjury upon him, and that the effect of the proceeding at law, then pending between them, would be to break him up. We think, that the judge of the district court did not err in rejecting the testimony so offered as irrelevant.

29

The fourth and last error assigned is, that there was error in the instructions of the judge, " that the testimony of more than one witness was necessary, to sustain the defendant's plea of justification."

The judge instructed the jury, that the defendant was bound to make out his plea of justification, affirmatively in such a manner, as to sustain the charge of perjury, which he, by his plea, made against the plaintiff. To do this, legally, his instruction to the jury required him to prove by more than one witness, or by one witness and corroborating circumstances which would, to the satisfaction of the jury give the preponderance of truth to the evidence of that witness, against the evidence which had been given, upon oath, by the plaintiff on the trial or trials, wherein he had accused him of swearing falsely, as alleged in the declaration of plaintiff, that thus the equilibrium produced by the oath of one man against that of another, in relation to the same subject matter, would be destroyed by the weight of reasonable and truthful circumstances, and the question at issue be legally decided. This is the substance of the instruction given by the judge on this point. But a brief examination of this question is necessary, to show that the instruction given by the judge to the jury on this point, was in accordance with sound law. The grave and heinous crime of perjury is charged by the defendant against the plaintiff. On a prosecution for that crime, by the laws of our country the testimony of more than one witness, or one witness and strong corroborating circumstantial evidence are required to substantiate the charge and procure a conviction. The accusation made by the defendant against the plaintiff, as laid in the declaration, and which he insists by his plea is true, is wilful and corrupt perjury in a criminal and legal sense. Which if true and established legally, would subject the plaintiff to the severe penalty of a crime, and render him infamous. The charge made by defendant was perjury in its legal sense. By the soundest dictates of reason and law then, as the charge made by him against the plaintiff, involved crimi-

nal guilt, under the law of our land; upon the issued join-ed in this case, he was justly and legally required by the court below, to make good his accusation, by such evidence as is required legally to establish a conviction of the of-fence charged. To establish and inculcate any other doc-trine than this, would release the defendant from the re-sponsibility he assumed by speaking the words as laid in the declaration, and leave the plaintiff without redress commensurate to the wrong and injury sustained by him. Whilst the accusation made against him would be perjury in its full, legal and infamous sense; the defendant would excuse himself by evidence which could not establish the commission of any such crime. In a case like this, where the defendant undertakes to justify, it is just, as well as legal, that he should be required to make good his plea affirmatively, fully and legally.

*J. H. Cowles*, for plaintiff in error.

*Wright & Knapp*, for defendant.