HAROLD THORESON *vs.* NORTHWESTERN NATIONAL INSURANCE COMPANY.

## April 24, 1882.

Degree of Proof of Crime in Civil Action.—An issue in a civil action is to be determined by the preponderance of the proof; and although the issue involves an accusation of crime, the proof need not exclude all reasonable doubt.

Appeal by defendant from an order of the district court for Rice county, *Buckham*, J., presiding, granting a new trial.

*Perkins & Whipple*, for appellant.

*Bowe & Bowe* and *G. W. Batchelder*, for respondent, cited 2 Greenleaf on Ev. § 408; 2 Bishop on Mar. & Div. § 644; *Lexington Ins. Co.* v. *Paver*, 16 Ohio, 324; *Pryce* v. *Security Ins. Co.*, 29 Wis. 270; *Freeman* v. *Freeman*, 31 Wis. 235; *McConnell* v. *Delaware M. S. Ins. Co.*, 18 Ill. 228; *Thayer* v. *Boyle*, 30 Me. 475; *Butman* v. *Hobbs*, 35 Me. 227; *Berckmans* v. *Berckmans*, 17 N. J. Eq. 453; *Clayton* v. *Wardell*, 5 Barb. 214; *Starr* v. *Peck*, 1 Hill, 270; *Warner* v. *Commonwealth*, 2 Va. Cases, 95.

DICKINSON, J. Action upon a policy of insurance to recover for loss by fire. The defence was that the plaintiff procured the policy to be issued by an agent of the defendant after the fire had occurred, and after it was known to both the plaintiff and the said agent, they conspiring to defraud the defendant. The cause was tried before a jury, and a verdict returned for the defendant. Upon motion of the plaintiff the court ordered a new trial, and defendant appeals therefrom.

In civil actions, where the case is such that the proof of a cause of action, or of a defence, will also prove a crime committed by the

adverse party, it is not necessary to the sustaining of such a cause of action or defence that the proof be of the same degree as is requisite in criminal prosecutions for such offence; that is, beyond reasonable doubt. *Roberge* v. *Burnham*, 124 Mass. 277; *Blaeser* v. *Milwaukee M. M. Ins. Co.*, 37 Wis. 31; *Ellis* v. *Buzzell*, 60 Me. 209. And see *Burr* v. *Willson*, 22 Minn. 206. The natural presumption of innocence exists, and the improbability that one will commit crime is an element necessarily involved in most cases, and should be considered by the jury, as should every material circumstance involved in the case. But, after viewing the whole case with such carefulness as the gravity of the subject may demand, the issue should be determined in accordance with the preponderance of the proof. The court below granted a new trial upon the theory that the opposite rule, which is not without authority, expressed the law in such cases, and because he deemed that, if that was the true rule, the verdict was unsustained by the evidence.

The ground upon which the motion was granted being unsustained, and the case showing abundant evidence to justify the verdict, the order is reversed.