# THE GERMANIA FIRE INSURANCE COMPANY

*v.*

## EMIL KLEWER.

*Filed at Ottawa October 31, 1889.*

1. INSURANCE—*condition as to other insurance—what essential to the condition.* There can be no existing insurance on property, within the meaning of a clause in a contract of insurance that such insurance shall render the policy void, unless such other insurance is valid and in full force, and capable of being legally enforced in case of loss.

2. If one takes a policy of insurance containing a provision that it shall be void in case of other insurance on the same property without consent indorsed upon the policy, and at the same time the assured has another policy on the property, not assented to by indorsement on the later policy, this will render the last policy inoperative so long as the prior policy is in force ; but the later policy will attach and become operative on the expiration of the prior policy.

3. SAME—*premises left vacant and unoccupied—waiver of condition—evidence on the question of waiver.* A provision in a policy of insurance against fire, that it shall become void in case the premises shall be left vacant or unoccupied, does not render the policy absolutely void upon the happening of such event. Such provision is made for the benefit of the insurer, and if he does not elect to avail of the breach of the condition, but waives the forfeiture, neither the assured nor third parties can treat the insurance as void.

4. Where an insurance company seeks to avoid its liability for a loss on the ground that the assured has another valid existing insurance upon the same property, not assented to by the defendant company, and the assured contends that such other policy has been forfeited by reason of allowing the premises to remain vacant and unoccupied, which vacancy is shown, the burden of proof will devolve upon the defendant company to show, if such is claimed to be the fact, that the other company had waived the right to avoid its policy. But very slight evidence of this fact will be sufficient.

5. In such case, a letter of the assured to the defendant company, written shortly after the loss, that he had entered his claim against the other company for the total loss of his house, in accordance with the request of the latter company, is proper evidence to go to the jury as tending to prove such waiver.

6. Where the agent of an insurance company, at the time he issues the policy, knows of the existent vacancy of the property, and makes

no objection on that account, and receives the premium from the assured, it will be a waiver of the condition in respect to such existing vacancy.

7. INSTRUCTIONS—*construed*—*as not submitting question of fact to the jury.* In a suit upon a policy of insurance containing a provision that it should be void if there was any other existing insurance on the property not assented to by the defendant company, a prior policy in a different company was shown, which provided that the same should become void in case of other insurance, or the vacancy of the premises for ten days, without written consent indorsed thereon. The court, for the plaintiff, instructed to the effect, that if the premises were vacant for more than ten days prior to the date of the policy sued on, without the consent of the other company, then the policy first issued became and was thenceforth void, and the same no longer constituted insurance on the building. There was evidence tending to show that the company first insuring had waived the right to avoid its policy: *Held,* that the instructions were erroneous. They should have been so qualified as to submit the question of waiver to the jury.

8. SAME—*assuming for whom one was agent.* In a suit upon a policy of insurance, when it is a controverted fact whether the person who procured the policy was acting as the agent of the insurance company or of the assured, it is error for the court, in an instruction, to assume that such person, in procuring the policy, was acting as the agent for the assured, instead of submitting that question to the jury.

9. EVIDENCE—*degree of evidence required*—*where a criminal charge is involved in a civil suit.* Where, in a civil suit, a criminal offense is charged in the pleadings, such offense must be proved beyond a reasonable doubt. As to other issues presented by the pleadings, only a preponderance of evidence is required to establish the same.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. RUBENS & MOTT, for the appellant:

The second policy is void in case of two policies, each conditioned against other insurance without notice, and no notice having been given to either company. *Jackson* v. *Insurance Co.* 23 Pick. 418; *Landers* v. *Insurance Co.* 86 N. Y. 414; *Hubbard* v. *Insurance Co.* 33 Iowa, 326; *Mitchell* v. *Insurance Co.* 51 Pa. St. 402; *Insurance Co.* v. *Nichol,* 35 N. J. Eq. 291.

The policy issued by the Hartford Insurance Company on May 19, 1883, was therefore invalid during the existence of the prior policy in the Agricultural Company, but the latter remained valid. But on the expiration of the Agricultural policy, on August 20, 1885, the Hartford policy attached. *Insurance Co.* v. *Schettler*, 38 Ill. 166 ; *Obermeyer* v. *Insurance Co.* 43 Mo. 573 ; *Insurance Co.* v. *Hulman*, 92 Ill. 145.

A condition in a policy against vacancy is for the benefit of the insurer, and may be waived. *Bigler* v. *Insurance Co.* 22 N. Y. 402 ; *Gans* v. *Insurance Co.* 43 Wis. 108 ; *Webster* v. *Insurance Co.* 36 id. 67 ; *Insurance Co.* v. *Garland*, 108 Ill. 220.

The increased risk caused by suffering the house to become vacant, was contrary to the condition of the policy, and defeats a recovery. *Insurance Co.* v. *Padfield*, 78 Ill. 167 ; *Insurance Co.* v. *Tucker*, 92 id. 64 ; *Insurance Co.* v. *Foster*, 92 id. 334.

When the title passes, and the policy is assigned to the vendee with the consent of the insurer, the policy is treated as a new contract with the vendee. 1 Wood on Fire Insurance, sec. 110 ; May on Insurance, sec. 381.

Upon the termination of the increased risk the policy again attaches. *Insurance Co.* v. *Garland*, 108 Ill. 220 ; *La Salle* v. *Insurance Co.* 43 N. J. L. 468.

Loehde was not the agent of the company, so as to charge it with notice. *Duluth Nat. Bank* v. *Insurance Co.* 85 Tenn. 76 ; *Insurance Co.* v. *Reynolds*, 36 Mich. 502 ; *Insurance Co.* v. *Rubin*, 79 Ill. 402.

Some of the text-writers, and several of the earlier reported cases, approve the doctrine, that where a criminal action is charged, even in a civil action, other than slander or libel, the charge must be established beyond a reasonable doubt. See 2 Greenleaf on Evidence, sec. 408 ; Taylor on Evidence, 97 ; Bishop on Marriage and Divorce, sec. 644 ; *Thurtell* v. *Beaumont*, 8 E. C. L. 538 ; *Barton* v. *Thompson*, 46 Iowa, 30 ; *Insurance Co.* v. *Paver*, 16 Ohio, 324 ; *McConnel* v. *Insurance Co.*

18 Ill. 229; *Thayer* v. *Boyle*, 30 Me. 475; *Kane* v. *Insurance Co.* 38 N. J. L. 441.

The more recent authorities are adverse to this view, holding that a preponderance of the evidence is all that is required. *Welch* v. *Jugenheimer*, 56 Iowa, 11; *Jones* v. *Greaves*, 16 Ohio St. 2; *Lyon* v. *Fleahmann*, 31 id. 151; *Blaeser* v. *Insurance Co.*·37 Wis. 31; *Marshall* v. *Insurance Co.* 43 Mo. 586; *Rothschild* v. *Insurance Co.* 52 id. 356; *Schmidt* v. *Insurance Co.* 1 Gray, 529; *Bissell* v. *Wort*, 35 Ind. 54; *Scott* v. *Insurance Co.* 1 Dillon, 106; Cooley on Torts, 208; May on Insurance, sec. 583; *Barton* v. *Thompson*, 56 Iowa, 571; *Gebhart* v. *Burkett*, 57 Ind. 378; *Johnson* v. *Insurance Co.* 25 Hun, 251; *Hutchberger* v. *Insurance Co.* 4 Biss. 265; *Insurance Co.* v. *Johnson*, 11 Bush, 587; *Sloan* v. *Gilbert*, 12 id. 51; *Hoffman* v. *Insurance Co.* 1 La. Ann. 216; *Wightman* v. *Insurance Co.* 8 Rob. 442; *Insurance Co.* v. *Wilson*, 7 Wis. 169; *Gordon* v. *Parmlee*, 15 Gray, 413; *Elliott* v. *Van Buren*, 33 Mich. 49; 3 Greenleaf on Evidence, sec. 29; Abbott's Trial Evidence, 495, note 1; Wharton on Evidence, sec. 1246.

If this court shall now adopt the views prevailing in all the other States, and sanctioned by the leading authorities, then the instructions in this case should have been the same as in any other civil proceeding, and it was error to use the terms "clear preponderance," and "to the satisfaction of the jury." *Ruff* v. *Jarrett*, 94 Ill. 479; *Buckman* v. *Dodds*, 6 Bradw. 25; *Belohradsky* v. *Carlisle*, 14 id. 294.

Mr. H. W. Dikeman, for the appellee:

Insurance in the name of the insured, but without authority, effected by another person interested, will not vitiate the policy. Such unauthorized policy does not constitute "other insurance." *Nicholas* v. *Insurance Co.* 1 Allen, 63; *Savings Bank* v. *Insurance Co.* 8 Lathrop, 165.

The policy in the Hartford Fire Insurance Company was void and never in force, by reason of the fact, that before and

at the time it is alleged to have been issued, to-wit, May 19, 1883, there was already existing insurance, to-wit, appellee held a policy in the Agricultural Insurance Company, August 20, 1882,—$500 on the house and $500 on the furniture,— expiring August 20, 1885. Such being the case, the Hartford Fire Insurance Company's policy was void, as it contained the following express condition: "Or if there shall be any other insurance, whether valid or otherwise, on the property insured, or any part thereof, at the time this policy is issued, or at any time during its continuance, without the consent of the company written hereon, or if the risk be increased by any means within the control of the assured, this policy shall be void." *Insurance Co.* v. *Hulman,* 92 Ill. 145; *Insurance Co.* v. *Steiger,* 13 Bradw. 482.

To constitute "existing insurance," the policy must be a valid policy in full force, and capable of being enforced or collected in case of the destruction of the building. *Insurance Co.* v. *Schettler,* 38 Ill. 166.

William Loehde was the agent for appellant, and there can be no question but that Loehde had full notice that the building was unoccupied. Notice to the agent, Loehde, was notice to his principal, the Germania Fire Insurance Company.

It is immaterial what statements Loehde, the agent of the Germania Fire Insurance Company, may have made to his principal. Such statements were the acts of appellant's agent to appellant, and were not binding on appellee. *Insurance Co.* v. *Jackson,* 83 Ill. 302; *Insurance Co.* v. *Ward,* 90 id. 545; *Insurance Co.* v. *Fish,* 71 id. 620; *Insurance Co.* v. *Chestnut,* 50 id. 111; *Bennett* v. *Insurance Co.* 106 N. Y. 243.

The appellant issued its policy with full knowledge that the building was vacant, and in so issuing the policy the appellant waived the conditions in the policy. May on Insurance, 497; *Havens* v. *Insurance Co.* 111 Ind. 90; *Insurance Co.* v. *Spankneble,* 52 Ill. 53.

Even where an express oral promise is made that a dwelling house shall be occupied, the policy is not avoided by a failure to fulfill the promise, unless fraud is shown. *Kimball* v. *Insurance Co.* 9 Allen, 540.

Mr. JUSTICE BAKER delivered the opinion of the Court:

In this suit on a policy of insurance, Emil Klewer, the appellee, had verdict and judgment in the Superior Court of Cook county, against the appellant herein, the Germania Fire Insurance Company of New York. The judgment was affirmed by the Appellate Court for the First District.

The policy in suit was dated October 16, 1885. Three defenses were interposed: Other insurance, in violation of the conditions of the contract; vacancy of the house insured, in violation of such conditions; and that appellee burned the building. The premises were destroyed by fire on November 15, 1885.

August 20, 1882, appellee procured from the Agricultural Insurance Company a policy of insurance for three years, insuring him against loss or damage by fire, to the extent of $500 on his house at Norwood Park, Illinois, and $500 on his furniture therein, such policy containing a clause prohibiting other insurance. Dunlap & Swift had, prior to that time, sold the house and lot to appellee, and received from him a mortgage thereon to secure a part of the purchase money; and on May 19, 1883, they obtained from the Hartford Fire Insurance Company a policy for $1000 on the house, insuring appellee for three years against loss or damage by fire, a clause in said policy declaring the same void in case of other insurance, or the vacancy of the house for ten days without written consent indorsed on the policy. This policy was delivered to Dunlap & Swift, and appellee paid to them the premium thereon. The policy in the Agricultural Insurance Company expired on the 20th of August, 1885, and about that date, and

on or before the 22d day of that month, said company delivered to appellee a second policy issued by it, and similar, except as to dates, to that bearing date August 20, 1882, but did not collect the premium thereon. While this new policy was still lying on the desk of appellee, one Loehde, an insurance broker, called to either deliver or collect a bill, and saw it lying there, and, at his request, appellee authorized him to return the policy to the Agricultural Insurance Company, and place the insurance in one or another of the several companies for which he, Loehde, solicited business, and said policy was returned by Loehde to the company that had issued it, and it was cancelled. On August 22, 1885, the appellant corporation issued its policy insuring appellee against loss or damage by fire, to the extent of $500 on said house and $500 on the furniture, said policy providing therein that it should be void in case of the existence or subsequent procurement of other insurance of the property thereby insured, or in case of vacancy. From August 20, 1882, until the latter part of September, 1885, the house was occupied by appellee as a dwelling, but he vacated the same some time in September, with no intent of returning, and it remained vacant from that time until destroyed by fire. On October, 16, 1885, appellee procured, through Loehde, the cancellation of the policy dated August 22, 1885, and the appellant, at the same time, issued to appellee a policy for $1000 on the house alone, for a term commencing October 16, 1885, and ending August 22, 1888, said policy containing the same clauses in regard to other insurance and vacancy that were contained in the policy that was at that time cancelled. No consent in writing was given by any of the companies, by indorsement on any of the policies, to other insurance, or to vacancy of the house.

*First*—The substance of the third plea of appellant was, that the policy sued on provided that the contract of insurance should be avoided in case of the existence of other insurance on the property insured by said policy, unless specially agreed

to in writing in or upon said policy; that at the time of its issuance, and at the time of the fire, there existed upon said property other insurance, to-wit, a policy issued by the Hartford Fire Insurance Company, insuring appellee, etc., and that such other insurance was not specially agreed to in writing in or upon the policy in suit. The replication to this plea was, that there did not exist, at the time of the issuance of the policy sued upon, nor at the time of the destruction by fire of the property thereby insured, any other insurance upon the insurable interest of appellee in said property destroyed by fire. There can be no existing insurance without such insurance is valid and in full force, and capable of being legally enforced or collected in case of the destruction of the property insured. (*New England Fire and Marine Ins. Co.* v. *Schettler*, 38 Ill. 166.) It is plain the Hartford policy was inoperative when it was issued, on May 19, 1883, for the reason it contained a provision it should be void in case of other insurance upon the same property without written consent indorsed upon the policy, and, there being no such consent, appellee at that time already held a policy insuring his house, of the Agricultural Insurance Company, dated August 20, 1882, and running three years. When, however, said last mentioned policy expired, on the 20th of August, 1885, then the Hartford policy immediately attached, and became operative and existing insurance.

At the trial, one of the claims of appellant was, that said Hartford policy continued in force until after the policy in suit was issued, and after the fire, while appellee contended that as the Hartford policy contained a clause the same would be void in case of the vacancy of the house for ten days without written consent indorsed on the policy, and as he removed from the house in September, 1885, and it continued vacant and unoccupied when appellant issued its policy and when the fire occurred, and as there was no consent by the Hartford company to such vacancy, said policy had ceased to be exist-

ing insurance, and the liability of appellant, under the policy in suit, attached on October 16, 1885, and continued until the house was burned, on the 15th of November following.  Appellee also insisted, at the trial, the policy of the Hartford company was made void and inoperative by the policy of the Agricultural Insurance Company, issued in 1885, and by the two subsequent policies issued by appellant.

A provision in a policy it shall become void in case the premises are left vacant or unoccupied, does not render such policy absolutely void upon the happening of such event.  Such provision is made for the benefit of the insurer, and if he does not elect to avoid it, but waives the forfeiture, neither the insured nor third parties can treat the insurance as void.  *Insurance Co.* v. *Garland,* 108 Ill. 220 ; *Mitchell* v. *Lycoming Mutual Ins. Co.* 51 Pa. St. 402 ; *Bigler* v. *N. C. C. Ins. Co.* 22 N. Y. 402 ; *Landers* v. *Watertown Fire Ins. Co.* 86 id. 414 ; *David* v. *Hartford Ins. Co.* 13 Iowa, 69 ; *Carpenter* v. *P. W. Ins. Co.* 16 Pet. 495.

The court, at the instance of appellee, gave several instructions, to the effect that if the house was vacant for more than ten days prior to the 15th day of October, 1885, without the consent of the Hartford Fire Insurance Company, then the policy issued by said company became and was thenceforth invalid and void, and the same no longer constituted insurance on the building destroyed.  The impropriety of these instructions is manifest when it is considered that it was in evidence that in the proofs of loss furnished by appellee to appellant he swore he had $1000 other insurance in the Hartford company, and also that he made and forwarded to the latter company proofs of loss based on this policy issued by it; and further, that there was no evidence the Hartford company had ever claimed its policy was avoided, or had refused to pay the loss.  The mere fact of vacancy did not render its policy void, but only voidable, and it was optional with the insurer whether it would avail itself of that ground for avoid-

ing the contract, or would waive the breach of the condition in its policy. Assuming the burden of proof was upon appellant, on the ground it alleged in its plea there was other insurance on the property, to show the Hartford company had waived the condition, yet the truth in regard to that matter would be peculiarly within the knowledge of appellee, and the means of proving it especially within his power and control, and so slight testimony would be sufficient to establish on its part, *prima facie,* such waiver. The facts above mentioned, in connection with the statement in appellee's letter of the date of December 8, 1885, that he entered his claim against the Hartford company for the total loss of his house, in accordance with the request of said company, was evidence to go to the jury as proving, or tending to prove, such waiver. We think said instructions should have been so qualified as to submit the question of waiver to the jury, and that it was error to give them without such modification.

The substance of instruction No. 6, given for appellee, was, that if appellee, subsequent to May 19, 1885, and prior to October 16 of that year, procured insurance on the property in the Agricultural Insurance Company, then the jury must find the Hartford policy was not existing insurance at the time appellant issued its policy. This was very clearly erroneous. In the first place, the second policy in the Agricultural Insurance Company appears not to have been issued until after the expiration of the first policy of said company, and as the liability under the Hartford policy had in the meantime become operative, and as said second Agricultural Insurance Company policy contained a provision against other insurance, and was therefore void itself by its own terms, consequently it could not affect the validity of the Hartford policy, which was prior. And even if this were not so, and if said second policy was at one time valid and subsisting insurance, yet it is the uncontradicted testimony that it was returned to the Agricultural Insurance Company, and cancelled on or before the 22d of

August, 1885, and at least then, if not before, the Hartford policy became existing insurance. '

The seventh instruction for appellee was equally erroneous and misleading. The substance of it was, that if appellee, subsequent to May 19, 1885, took out other insurance on the property without the consent of the Hartford company, then the Hartford policy became thenceforth invalid and void, and no longer constituted insurance on the building. The only evidence there was upon which to base the instruction, was that in regard to the second policy of the Agricultural Insurance Company, and that in regard to the policies of August 22 and October 16, 1885, issued by appellant. The Agricultural Insurance Company's policy was, as we have seen, not only void, but was cancelled; and the two policies procured from appellant contained clauses against prior insurance, which rendered them invalid if the Hartford policy was in force. If the latter policy was existing insurance, it could not be invalidated by that which was void and was no insurance.

*Second*—Several of the pleas of appellant were predicated upon a clause in its policy, to the effect the contract of insurance would be avoided by increase of hazard, by vacancy or non-occupancy, unless specially agreed to in writing in or upon the policy. This court has decided, either expressly or in legal principle, in a number of cases, that where the agent of an insurance company, at the time he issues the policy, knows of the existent vacancy, and makes no objection on that account, and receives the premium from the assured, it will be a waiver of the condition in respect to such existing vacancy. *Commercial Ins. Co. v. Spankneble*, 52 Ill. 60 ; *Lycoming Ins. Co. v. Barringer*, 73 id. 230 ; *New England Fire and Marine Ins. Co. v. Schettler*, 38 id. 166 ; *Ætna Ins. Co. v. Maguire*, 51 id. 342 ; *Reaper City Ins. Co. v. Jones*, 62 id. 458.

Upon this branch of its defense, appellant relies on the case of *Insurance Co. of North America v. Garland*, 108 Ill. 220. There, the policy was not, in the first instance, issued to Mrs.

39—129 ILL.

Garland, and the premium collected from her, but it was so issued to and the premium paid by one Maria G. McConnell, who afterward made an assignment of it to Mrs. Garland, and the consent of the insurance company indorsed thereon. This was in effect re-issuing the policy to another person upon the same terms and conditions it had been issued before, and the unearned premium was a good consideration for the new promise made by the company to the assignee. The substitution of Mrs. Garland for Mrs. McConnell was simply to place the former in the same position with respect to all rights and liabilities, under the policy, the assured herself occupied before the transfer. The undisputed fact in that case was, that on the day the transfer was made and consent of the company given, the agent of Mrs. Garland informed the insurance agent the house was vacant, and the latter told him, in express terms, that he had "better attend to that part of the business, because it would not amount to anything if the house was destroyed,— they would not be liable for any loss,"—and it was held, that "under such circumstances" the consent to the transfer was not "a waiver of the condition altogether," and the company would have a clear right to insist upon performance of the condition, and until that was done, its liability, under the policy, would not attach. In other words, the condition of the policy, under the peculiar circumstances of that case, was regarded as a condition precedent, and conformity to its requirement held necessary before the liability of the company would commence.

In the present case the testimony of appellee was: "I told Mr. Loehde I had moved out of the house, and he said it was all right,—that he would attend to it, and have the $500 furniture re-written on the house; and he asked me whether I was going to have it rented. I told him, Yes, sir, I was. He said that would be all right. He asked me whether I was going to rent it. I told him, Yes, sir, I was." Loehde, when examined in chief, testified that appellee told him "he did not live in the house now—other people were living in it;" but when called

in rebuttal, he testified : "I asked him if it would be occupied, and he said, 'Yes, sir.' He said he had it rented. He did not state there was somebody occupying the house, but he said he would have it rented. I asked him if the house was occupied, and he said, 'Yes, sir, I will have it rented.' " This makes the case quite different from the *Garland case,* where the assured was informed, in positive terms, that if the house was destroyed the policy would not amount to anything, and the company would not be liable for any loss. Here, upon the assumption the jury believed that appellee gave a substantially correct statement of the transaction, they might find it to be a fair presumption, from the conduct and language of the parties, that the intention was that the liability of the company, under the policy, should attach at once, and continue, unless appellee allowed the house to remain vacant an unreasonable length of time. If there was a waiver of the condition of the policy against vacancy, and it was merely of this temporary character, and if the loss occurred after the expiration of a reasonable time for procuring an occupant, then there is no liability on the part of appellant, and whether there was such waiver, and whether such reasonable time had passed prior to the loss, are questions of fact for the jury.

It was also a matter of controverted fact, upon this same branch of the case, whether Loehde, in procuring the insurance, was acting as the agent of appellant or of appellee. The modifications made by the court to the first, second and fourth instructions asked by appellant, improperly and erroneously assumed he was the agent of the latter, instead of submitting that question to the jury. It is no part of our duty to weigh the evidence bearing upon that issue of fact, but we may suggest that appellant is wrong in his assumption that the circumstances that appellee paid Loehde nothing for his services, that the latter received his pay therefor from the insurance company, and that the company paid him a commission on all the business he transacted for it, are absolutely

immaterial, and that it was so decided by this court in *Lycoming Fire Ins. Co.* v. *Rubin,* 79 Ill. 402. All that was there decided was, that under the circumstances of that case, one Ludlum, a broker, was the agent of Rubin, and not of the company, and that the fact that the agent of the company allowed Ludlum a commission did not change the character in which he acted,—in other words, was not, of itself, a conclusive circumstance to show he was the agent of the company.

*Third*—Appellant not only interposed the defenses its policy was void because there was other insurance on the property, and because the house was vacant and unoccupied, but made the further defense that appellee himself set fire to the building. Where, in a civil action, a criminal act is charged, the authorities are in conflict upon the question whether the rule applicable to a criminal prosecution or that applicable to a civil suit should prevail in respect to the degree of proof required. In this State it has been held, that where, in civil cases, a criminal offense is charged in the pleadings, such offense must be proved beyond a reasonable doubt. (*Crandall* v. *Dawson,* 1 Gilm. 556; *McConnel* v. *Mutual Ins. Co.* 18 Ill. 228; *Harbison* v. *Shook,* 41 id. 141; *Sprague* v. *Dodge,* 48 id. 142.) Instruction No. 8 for appellee was, however, inaccurate, in that it required more than a mere preponderance of the evidence in order to establish the defenses of other insurance and vacancy.

For the errors mentioned herein, the judgment is reversed, and the cause remanded to the Superior Court of Cook county for another trial.

*Judgment reversed.*