## Max Schallman, for use of, etc., v. The Royal Insurance Co.

1. JURORS—*Effect of Their Presence in Court During a Trial in Which the Jury Disagrees and Called for Retrial Immediately Afterward.*—Where jurors in attendance upon court are sitting in the courtroom during the trial of a case in which the jury disagrees, and are called into the box to serve in the same case called for trial immediately after such disagreement, the interests of impartiality by the jury and a fair trial would be better served by the exclusion of all of them.

2. INSTRUCTIONS—*Shifting the Burden of Proof.*— An instruction which, in effect, has a tendency to tell the jury that the plaintiff must not only show by a preponderance of the evidence the issues presented by him, but must also disprove those presented by the defendant, is materially erroneous.

**Assumpsit,** on a policy of insurance. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Reversed and remanded. Opinion filed March 29, 1901. Rehearing denied.

Felsenthal, D'Ancona & Foreman, and Tenney, McConnell, Coffeen & Harding, attorneys for appellant.

R. W. Barger, attorney for appellee; Ernest H. Hicks, of counsel.

Mr. Presiding Justice Shepard delivered the opinion of the court.

This suit was brought upon a policy of insurance issued by the appellee for the sum of $2,000, against loss or damage by fire to a stock of goods owned by appellant. The merchandise was also insured in other companies, and it was sought to recover in this suit the proportion of loss suffered, which the amount of the present policy bore to the whole insurance.

As stated in appellee's brief:

"The defenses were, first, that the fire which injured the plaintiff's property was caused by his willful act, procurement or connivance; second, that the plaintiff intentionally and fraudulently, in an affidavit rendered the defendant as and for a proof of loss, made a claim for goods destroyed which he knew were not destroyed, and for goods destroyed a claim largely in excess of what he knew the value of the goods so destroyed was; that is to say, the assured made a fraudulent and excessive claim for loss and damage, which, under the condition of the policy and the law, released the defendant from any liability. He claimed for goods wholly destroyed $13,532.88, and for goods not wholly destroyed $1,843.32—that is, made a gross claim of $15,376.20, and the defense was that the whole amount of loss and damage to said stock did not exceed the sum of $600 to $1,000."

Two trials of the case were had, in close succession. The first trial lasted five days, and the jury disagreed. The second trial occupied six days, and resulted in a verdict for the defendant, from a judgment on which verdict the plaintiff brings this appeal.

It appears that the last trial was had before a jury composed in part of jurors who were present and heard a part of the first trial, and whose opinions upon the merits of the case were more or less influenced by what they so heard,

and by the result of the first trial that had come to the knowledge of some of them. A general objection was made to all of such jurors serving in the cause, as soon as it became known upon the *voir dire* examination of the first one of them, that he had heard part of the first trial, but the objection was overruled, the court ruling that he would pass upon each case as it arose.

Coming to the separate examination of the individual jurors, some were excused for cause, and others were excused by the court on its own motion, it appearing plainly that they had formed a fixed opinion from what they heard of the first trial. Of the final panel that heard the case on the second trial, seven jurors were from among those who had been present in the court room and heard more or less of the first trial. We have examined their answers to questions propounded to them on their *voir dire* examinations, and while as to some of them their absolute disqualification to sit as jurors in the case is not made to appear, though as to others of them a different conclusion might be reached, yet we think that the interests of impartiality by the jury and a fair trial would have been better served by an exclusion of all of them.

It is not necessary, however, to decide the question, and as another like situation is exceedingly improbable, we prefer to place our decision upon other grounds.

Among other instructions asked by the appellee (defendant below), and given, was one as follows:

" If you should, from a preponderance of the evidence, find for the plaintiff in this action, you should first determine from a preponderance of the evidence the whole amount of the plaintiff's loss and damage to his stock of goods by fire, which in no event can exceed the actual cash value of the property covered by the policy, destroyed or damaged by fire at the time and place of the fire," etc.

The plea of the defendant was the general issue, non-assumpsit, but under it, affirmative defenses and issues were interposed. The quotation from appellee's brief hereinbefore made, states what they were. It was incumbent upon the defendant (appellee) to prove them, by at least a pre-

ponderance of the evidence.   The instruction is, to say the
least of it, very likely to be misunderstood by the jury.   It
is not far from saying to them that as to all the issues of
the case the burden of proof was upon the plaintiff, or in
other words, that he must not only show by a preponderance
of the evidence the issues that he presented, but should also
disprove those presented by the defendant.

The instruction was materially erroneous.   The Supreme
Court in Richelieu Hotel Co. v. Military Encampment Co.,
140 Ill. 248, said of a similar instruction :

" This instruction, in laying down the rule that the bur-
den was on the plaintiff to make out its case by a prepon-
derance of the evidence, announced a correct proposition of
law, but its application of that rule to the issues before the
jury was such as was likely to mislead them.   The case, as
submitted to the jury, did not consist solely of issues upon
the declaration, but also included affirmative issues raised
by the defendant, such as that raised by the defense of
accord and satisfaction, of fraudulent representations and
of failure of consideration, and as to those issues the bur-
den of proof was on the defendant.   But the instruction
held that if on any point necessary to a recovery by the
plaintiff, the evidence preponderated in favor of the defend-
ant or was equally balanced, the verdict must be for the
defendant.   The plaintiff could only recover by having
every point or issue found in its favor, and that, of course,
included those as to which the burden of proof was on the
defendant, and so the instruction seems to throw the bur-
den of proof, even as to them, on the plaintiff."   See also,
Germania Fire Ins. Co. v. Klewer, 129 Ill. 599.

As to instructions 10 and 11 on the subject of waiver
of an award by appraisers fixing the amount of loss, we are
met by the insistence of appellee that the abstract does not
set out all the evidence on the subject, and as this seems to
be so, we omit consideration of those instructions.

The further contention made by appellant is that the
court erred in the admission and rejection of evidence.
We do not think so.   The policy contained a provision that
the loss " shall in no event exceed what it would then cost
the insured to repair or replace the same (property destroyed
or damaged), with material of like kind and quality."
Another provision of the policy was that the company

should not be liable beyond the actual cash value of the property destroyed, and that the loss should be estimated according to such actual cash value. Appellant asked how much it would take to replace the merchandise destroyed by the fire with material of like kind and quality.

There is nothing in the record to show that the goods destroyed possessed any peculiar value other than such as they had in the market, for cash, and such measure was the proper one to apply. The mere opinion of the appellant would have raised a foreign issue, and the objection to the question was properly sustained. There may be other reasons why the question was bad, but we will not take time to consider them.

The cross-examination of the firemen by appellee, was proper. Their answers were not by the way of opinion, but were as to facts and conditions found by them to exist after the fire. But for the reasons given the judgment will be reversed and the cause remanded.