(No. 24997.—)

ANTON E. SUNDQUIST, Appellee, *vs.* THE HARDWARE MUTUAL FIRE INSURANCE COMPANY OF MINNESOTA *et al.* Appellants.

*Opinion filed April 14, 1939—Rehearing denied June 8, 1939.*

CLAUSEN, HIRSH & MILLER, and SHURTLEFF & NEI-HAUS, for appellants.

F. B. BRIAN, and ANDREWS & YOUNG, for appellee.

Mr. CHIEF JUSTICE SHAW delivered the opinion of the court:

Anton E. Sundquist brought suit in the circuit court of Stark county to recover under certain fire insurance policies for loss sustained. The jury awarded damages in the amount of $9259.95, and a judgment on that verdict was affirmed by the Appellate Court for the Second District. The case is before us on leave to appeal granted.

Sundquist conducted a retail furniture business in Galva, Illinois, carrying a stock of merchandise which he valued at between $18,000 and $23,000. The three appellant companies insured the appellee against loss or damage by fire in the amount of $8000 from January 5, 1936, to January 5, 1937. Another policy in the amount of $1000 insuring Sundquist against loss or damage by fire to the same merchandise was issued August 27, 1936, to cover the period from August 24, 1936, to August 24, 1937. The policies provided that each of the three appellant companies became severally liable to pay one-third of any loss sustained thereunder.

On December 24, 1936, the merchandise covered by the above described policies was destroyed by fire. Subsequently, the insurance companies refused payment on the grounds that appellee wilfully set fire to the building containing the merchandise and that he had falsely sworn that he did not know what caused the fire. The only issue raised on this appeal is the correctness of the ruling of the trial court in refusing to instruct the jury, at the request of the defendants, that the defense of incendiarism need only be established by a preponderance of the evidence. There is nothing in the record to indicate that the trial court in-

structed the jury that the defense of incendiarism must be proved beyond a reasonable doubt.

It appears that on the evening of December 24, 1936, between 9:30 and 10:30 o'clock, the appellee closed his furniture store and went to a cafe a few doors away to eat a late supper. He had been there a short time when one of his employees came into the restaurant and advised him that some ceiling lights had been left burning inside the store. Sundquist testified that after finishing his supper he returned to the store and extinguished the lights. He then drove to Toulon, where he resided and where he also operated another furniture store. The fire was discovered shortly after 11:00 o'clock that night.

The appellants contend that the fire was of incendiary origin and to establish such a defense introduced the testimony of a deputy State Fire Marshal, who stated that he, together with several volunteer firemen of Galva, while searching the debris had found a pile of burlap which they said was saturated with kerosene. The defendants also proved that, in a statement made to the State Fire Marshal, Sundquist stated that the only inflammable material in the store at the time of the fire was a small quantity of kerosene which had been used to mix with a sweeping compound. At the trial, Sundquist testified that there was kerosene in the store, but that it had been purchased on the advice of a plumber and was to be used to pour down a drain in an attempt to get rid of a gas odor which had been very noticeable in the store for some time. Sundquist further testified that there was a small quantity of roofing paint and cylinder oil in the basement of the store at the time of the fire. Several witnesses testified in his behalf that there was a noticeable odor of gas in the store and to the fact that certain pieces of furniture were wrapped in burlap while stored in the basement.

It was urged in the Appellate Court, and is again insisted here, that the trial court erred when it refused to

give the following instruction on behalf of the defendants: "The court further instructs the jury that if you believe from a preponderance or greater weight of the evidence that the plaintiff, with intent to cheat and defraud the defendants, wilfully and maliciously set fire to or caused to be set fire to or burned or caused to be burned, the property described in the policies of insurance sued on, then your verdict should be for the defendants." This instruction will be recognized as a statement of the so-called "preponderance" rule, as distinguished from the "reasonable doubt" rule applying to cases in which, in a civil suit, the commission of a felony is alleged, either as a cause of action or a defense.

This court has heretofore adhered to the reasonable doubt rule requiring the facts constituting the felony to be proved beyond a reasonable doubt. (*Germania Fire Ins. Co.* v. *Klewer,* 129 Ill. 599; *Oliver* v. *Ross,* 289 id. 624; *Rost* v. *Noble & Co.* 316 id. 357.) However, in *Rost* v. *Noble & Co. supra,* we limited the rule to felonies, excluding misdemeanors, and pointed out that although followed in some of the States the principle had been generally abandoned. In the later case of *People* v. *Small,* 319 Ill. 437, we indicated a doubt as to whether or not this rule would again be applied in this State. The case before us now presents the necessity for further consideration of this principle.

So far as the briefs of both parties disclose, the decisions in England, where the reasonable doubt rule originated, leave it at least exceedingly doubtful if that rule is still in force there. (*Cooper* v. *Slade,* 6 H. L. C. 746.) In this country it seems clear that all other jurisdictions except Illinois, and possibly one other State, now apply the preponderance rule. Many of these States first adopted the reasonable doubt rule and later overruled their earlier decisions in favor of the preponderance rule. Thus, in New York, the earlier rule was adopted in 1826 in *Woodbeck* v. *Keller,* 6 Cowen, 118, which was overruled in favor of the

preponderance rule in 1889 in the case of *People* v. *Briggs,* 114 N. Y. 56, 20 N. E. 820. The reasonable doubt rule was adopted in California in 1875, (*Merk* v. *Gelzheuzer,* 50 Cal. 631,) and abandoned in 1898 when that case was overruled in *Hearne* v. *DeYoung,* 119 Cal. 670, 52 Pac. 150. The same thing happened in Florida. (*Schultz* v. *Pacific Ins. Co.* 14 Fla. 77; *Abraham* v. *Baldwin,* 52 Fla. 151, 42 So. 591.) In Iowa, *Bradley* v. *Kennedy,* 2 Greene, 231, was overruled in *Welch* v. *Jugenheimer,* 56 Iowa, 11, 8 N. W. 673. In Maine, *Thayer* v. *Boyle,* 30 Me. 475, was overruled in *Ellis* v. *Buzzell,* 60 Me. 209. In Missouri, *Polston* v. *See,* 54 Mo. 291, was overruled in *Edwards* v. *Knapp,* 97 Mo. 432, 10 S. W. 54. In Ohio, *Lexington Ins. Co.* v. *Paver,* 16 Ohio 324, was overruled in *Bell* v. *Mc-Ginnes,* 40 Ohio St. 204. In Tennessee, *Coulter* v. *Stewart,* 2 Yerg. 225, was overruled in *Lay* v. *Linke,* 122 Tenn. 433, 123 S. W. 746. In all of the other States, so far as the briefs have informed us, the preponderance rule seems always to have obtained. *Spruil* v. *Cooper,* 16 Ala. 791; *Downing* v. *Brown,* 3 Colo. 571; *Munson* v. *Atwood,* 30 Conn. 102; *Atlanta Journal Co.* v. *Mayson,* 92 Ga. 640, 18 S. E. 1010; *Continental Ins. Co.* v. *Jachnichen,* 110 Ind. 59, 10 N. E. 636; *Aetna Ins. Co.* v. *Johnson,* 11 Bush, 587; *Wightman* v. *Western Marine & Fire Ins. Co.* 8 Rob. 442; *McBee* v. *Fulton,* 47 Md. 403; *Gordon* v. *Parmalee,* 15 Gray, 413; *Elliott* v. *Van Buren,* 33 Mich. 49; *Thoreson* v. *Northwestern National Ins. Co.* 29 Minn. 107, 12 N. W. 154; *Kane* v. *Hibernia Ins. Co.* 39 N. J. L. 697; *Kincade* v. *Bradshaw,* 3 Hawks, 63; *Somerset Ins. Co.* v. *Usaw,* 112 Pa. 80, 4 Atl. 355; *Salley* v. *Globe Indemnity Co.* 133 S. C. 342, 131 S. E. 616, 43 A. L. R. 971; *Heiligmann* v. *Rose,* 81 Tex. 222, 16 S. W. 931; *Bradish* v. *Bliss,* 35 Vt. 326; *Hart* v. *Niagara Fire Ins. Co.* 9 Wash. 620, 38 Pac. 213; *Simmons* v. *Insurance Co.* 8 W. Va. 474; *Washington Union Ins. Co.* v. *Wilson,* 7 Wis. 169.

The early English rule undoubtedly grew out of certain hardships which followed in that country when a finding of guilt of crime occurred in a civil suit, it being stated that under such circumstances a prosecution could immediately follow without the intervention of a grand jury. It would unnecessarily prolong this opinion to quote from the various courts which have passed upon this matter. In general, it is pointed out by the various courts that in an action by the government against the citizen the latter may lose his life or his liberty while no such consequence follows in a civil case; that the reason for the rule has long since ceased to exist and that under the conditions of modern practice no more is required than that the cause of action or defense be proved by a preponderance or greater weight of the evidence. The reasonable doubt rule, as stated in *Rost* v. *Noble & Co. supra,* and the cases therein cited, will no longer be adhered to in this court.

The decision of this point, however, does not dispose of the litigation before us, because it remains to be determined whether or not the refusal of the requested instruction was so prejudicial in its nature as to deprive the defendants of a fair trial, and whether there is any probability of a different result being reached if the cause were to be remanded. In this connection it is necessary to consider a certain instruction given on behalf of the defendants and an answer to a special interrogatory which was submitted to the jury.

Instruction number ten which was given at the request of the insurance companies charged the jury "that if you believe from a preponderance of the evidence that the plaintiff in said proof of loss falsely and fraudulently swore that the cause and origin of the fire was unknown to the plaintiff, when in truth and in fact the plaintiff knew at the time the proof of loss was subscribed and sworn to by him that said fire was of incendiary origin, and if you further believe from a preponderance of the evidence that the plaintiff so

swore to said proof of loss as to the origin of said fire, with the wilful intention and purpose of cheating and defrauding the defendants, then your verdict should be for the defendants." The following special interrogatory was submitted to the jurors: "In his proofs of loss, signed and sworn to by him, did the plaintiff falsely and fraudulently, with the wilful purpose of cheating and defrauding the defendants, swear that the origin of the fire in question was unknown to the plaintiff, when in truth and in fact the plaintiff then knew that the said fire was of incendiary origin?" This interrogatory was answered in the negative. It is also to be noted that the plaintiff did not request and the court did not give any instruction requiring proof of anything beyond a reasonable doubt, the only error claimed being in the refusal of the instruction above mentioned, which we have held should have been given.

We have, then, these things to consider: First, a general verdict for the plaintiff without any instruction saying anything about reasonable doubt; second, an instruction requiring proof only by a preponderance that the finding should be for the defendants if the plaintiff had falsely sworn that he was ignorant of the origin of the fire, and third, a specific finding that plaintiff did not swear falsely when he said that the cause of the fire was unknown to him. It is impossible that he could have set the fire himself and at the same time been ignorant as to its origin. For this reason we cannot see that the defendants, to any extent nor in any degree whatsoever, were prejudiced by the refusal of the trial court to give the instruction requested by them.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*