## William H. Carpenter, Appellee, v. Charles. S. Norlander, Appellant.

### Gen. No. 20,618. (Not to be reported in full.)

Interlocutory appeal from the Circuit Court of Cook county; the Hon. John P. McGoorty, Judge, presiding. Heard in the Branch Appellate Court. Reversed. Opinion filed February 3, 1915.

### Statement of the. Case.

Bill by William H. Carpenter against Charles S. Norlander to restrain the interference with the use of a water supply from a certain tank and windmill. From an interlocutory order overruling defendant's motion to dissolve a temporary injunction restraining defendant from further depriving complainant of the water supply and from continuing to divert the same from a tank installed and connected with said windmill, defendant appeals.

The material averments of the bill were that complainant is the owner of a certain farm, which, on December 6, 1911, by a written lease, he demised to defendant for the term of three years from March 1, 1912; that said lease contains a reservation to complainant as follows: "Said Carpenter hereby reserves the house now occupied by him and family with front and back yards with convenient room for access to and from and about the same, also reserves the barn known as the North Barn on said premises with convenient room for access and use of same, also reserves the orchard ·nursery on said farm and included access * * · * "; that defendant went into the occupancy of said premises, under said lease, and now occupies the same; that the back yard mentioned in said reservation clause in said lease is located behind the house back to a tight board fence which separates said back yard from the premises leased to defend-

ant; that at the time said lease was executed there was a circular tank ten feet in diameter so placed as to be convenient for use as a watering place for stock kept in either of the barns on said premises and for general farm purposes; that about one half of said tank was and is located upon the portion of said farm reserved by complainant and the other half of said tank was and is located upon the portion of the farm leased to defendant; that about one-half of said tank is on either side of said tight board fence and said tank was and is supplied with water from a windmill standing on the portion of the farm leased to and occupied by defendant. The bill further alleges that by the terms and provisions set forth in said lease that said water supply, as so furnished by said windmill and tank at the time of the execution of said lease, was reserved by complainant; that at the time of and in connection with the execution of said lease, the matter of said water supply, as then furnished by said windmill and tank, was discussed by the parties thereto, and it was then specifically stated by complainant and defendant that said water supply was included in the reservations set forth in said lease and should be so considered by and between said parties; that defendant then stated, in connection with the execution of said lease, that said reservations set forth therein should be so construed as to assure to complainant the undisputed right to said water supply during the term of said lease, and under said interpretation of the provisions of said lease, complainant, relying upon the same, delivered possession of said premises to defendant; that both of said parties did so use said water supply from said tank for all the purposes aforesaid without dispute or question until March 1, 1913, when defendant refused to allow complainant to use the same, and has resisted complainant's attempts to use the same for his stock and other purposes; that complainant has no other water supply on said premises from which he can furnish water for his stock and household, and

that complainant has about six head of cattle and six head of horses on the portion of the premises reserved to him by said lease; that unless defendant is restrained from further depriving complainant of said water supply and use of the portion of the premises reserved by him, he will suffer irreparable injury at the hands of defendant; that defendant is insolvent.

CHARLES B. HAZELHURST and EDDY, WETTEN & PEGLER, for appellant.

L. H. GRANGE, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. EQUITY, § 247*—*necessity of amendment of supplemental bill on demurrer sustained.* Where a demurrer interposed by defendant to an original bill and supplemental bills is sustained and leave was given to file an amended bill, and an amendment was filed to the original bill, but no leave was asked or granted to amend the supplemental bill, the supplemental bill ceases to be a part of the case for review.

2. LANDLORD AND TENANT, § 155*—*rule as to exceptions and reservations.* Exceptions or reservations embodied in a leasehold contract for the benefit of the lessor will, in the case of doubt or ambiguity, be construed least favorable to the party claiming the benefit of the exceptions or reservations.

3. INJUNCTION, § 192*—*insufficiency of bill to show property rights in lessor.* Where it was contended that a windmill, pump and well on the portion of premises leased to defendant, together with the tank, which was in part upon the portion of the premises reserved to complainant, were fixtures running with the land, and the bill does not set forth the manner in which or means whereby the water was carried from the pump to the tank, or how the pipe, if it be such, carrying the water was connected or fixed to the pump and tank, there are not enough specific allegations to determine whether or not such instrumentalities are fixtures.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. LANDLORD AND TENANT, § 84*—*inadmissibility of parol evidence to aid construction.* Where a bill to restrain the interference with a certain water supply reserved to the complainant in a lease predicates a right to relief upon an alleged oral agreement entered into between the lessor and lessee contemporaneous with the written contract under seal, it is inadmissible to vary the terms of the written contract, as the leasehold contract cannot rest partly in writing and partly in parol.

5. LANDLORD AND TENANT, § 84*—*when the doctrine of practical construction may be invoked.* In an action to restrain a lessee from interference with lessor's water supply alleged to be reserved in a lease, the doctrine of practical construction may only be properly resorted to when the terms of the contract are uncertain and ambiguous.