Ryland S. Parker, Plaintiff-Appellee, Cross-Appellant, *v.* Arthur Murray, Inc., *et al.,* Defendants-Appellants, Cross-Appellees— (V. S. & W., Inc., *et al.,* Defendant and Cross-Appellee.)

(No. 55975;

First District (2nd Division)—April 3, 1973.

Harry G. Fins, of Chicago, (Saul R. Leibowitz, of counsel,) for appellants.

Philip H. Corboy, Sandra W. Boxby, and G. Wallace Roth, all of Chicago, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This is an appeal and a cross appeal from a decree, entered on March 26, 1971, which allowed rescission of five contracts for dance instruction, ordered the return of contract payments, but denied punitive damages. The sole issue raised by defendant is whether the terms of the contracts barred plaintiff from asserting the doctrine of impossibility of performance as the basis for seeking rescission under Count I of the complaint.[*] The sole issue raised by plaintiff on his cross appeal is whether the court erred in dismissing his Count II, which sought rescission and punitive damages on the grounds of fraud.

The operative facts are not in dispute. In November, 1959 plaintiff went to the Arthur Murray Studio in Oak Park to redeem a certificate entitling him to three free dancing lessons. At that time he was a 37-year-old college-educated bachelor who lived alone in a one-room attic apartment in Berwyn, Illinois. During the free lessons the instructor told plaintiff he had "exceptional potential to be a fine and accomplished dancer" and generally encouraged further participation. Plaintiff thereupon signed a contract for 75 hours of lessons at a cost of $1000. At the bottom of the contract were the bold-type words, "NON-CANCEL-

---

[*] Ill. Rev. Stat. 1965, ch. 29, pars. 51, 52, which otherwise would be determinative of the issue raised by defendant, was enacted in 1965 and is thus inapplicable to the facts at bar.

LABLE NEGOTIABLE CONTRACT." This initial encounter set the pattern for the future relationship between the parties. Plaintiff attended lessons regularly. He was praised and encouraged regularly by the instructors, despite his lack of progress. Contract extensions and new contracts for additional instructional hours were executed. Each written extension contained the bold-type words, "NON-CANCELLABLE CONTRACT," and each written contract contained the bold-type words, "NON-CANCELLABLE NEGOTIABLE CONTRACT." Some of the agreements also contained the bold-type statement, "I UNDERSTAND THAT NO REFUNDS WILL BE MADE UNDER THE TERMS OF THIS CONTRACT."

On September 24, 1961 plaintiff was severely injured in an automobile collision, rendering him incapable of continuing his dancing lessons. At that time he had contracted for a total of 2734 hours of lessons, for which he had paid $24,812.80. Despite written demand defendants refused to return any of the money, and this suit in equity ensued. At the close of plaintiff's case the trial judge dismissed the fraud count (Count II), describing the instructors' sales techniques as merely "a matter of pumping salesmanship." At the close of all the evidence a decree was entered under Count I in favor of plaintiff for all prepaid sums, plus interest, but minus stipulated sums attributable to completed lessons.

Plaintiff was granted rescission on the ground of impossibility of performance. The applicable legal doctrine is expressed in the Restatement of Contracts, sec. 459, as follows:

> "A duty that requires for its performance action that can be rendered only by the promisor or some other particular person is discharged by his death or by such illness as makes the necessary action by him impossible or seriously injurious to his health, unless the contract indicates a contrary intention or there is contributing fault on the part of the person subject to the duty."

Similarly, sec. 460 of the Restatement states:

> "(1) Where the existence of a specific thing or person is, either by the terms of a bargain or in the contemplation of both parties, necessary for the performance of a promise in the bargain, a duty to perform the promise * * * (b) is discharged if the thing or person subsequently is not in existence in time for seasonable performance, unless a contrary intention is manifested, or the contributing fault of the promisor causes the non-existence."

In Illinois impossibility of performance was recognized as a ground for rescission in *Davies v. Arthur Murray, Inc.,* 124 Ill.App.2d 141, 260 N.E.2d 240, wherein the court nonetheless found for the defendant be-

cause of the plaintiff's failure adequately to prove the existence of an incapacitating disability.

■■ Defendants do not deny that the doctrine of impossibility of performance is generally applicable to the case at bar. Rather they assert that certain contract provisions bring this case within the Restatement's limitation that the doctrine is inapplicable if "the contract indicates a contrary intention." It is contended that such bold type phrases as "NON-CANCELLABLE CONTRACT," "NON-CANCELLABLE NEGOTIABLE CONTRACT" and "I UNDERSTAND THAT NO REFUNDS WILL BE MADE UNDER THE TERMS OF THIS CONTRACT" manifested the parties mutual intent to waive their respective rights to invoke the doctrine of impossibility. This is a construction which we find unacceptable. Courts engage in the construction and interpretation of contracts with the sole aim of determining the intention of the parties. We need rely on no construction aids to conclude that plaintiff never contemplated that by signing a contract with such terms as "NON-CANCELLABLE" and "NO REFUNDS" he was waiving a remedy expressly recognized by Illinois courts. Were we also to refer to established tenets of contractual construction, this conclusion would be equally compelled. An ambiguous contract will be construed most strongly against the party who drafted it. (I.L.P. Contracts, sec. 221.) Exceptions or reservations in a contract will, in case of doubt or ambiguity, be construed least favorably to the party claiming the benefit of the exceptions or reservations. (*Carpenter v. Norlander*, 191 Ill.App. 340.) Although neither party to a contract should be relieved from performance on the ground that good business judgment was lacking, a court will not place upon language a ridiculous construction. (*Hall v. Wilson*, 277 Ill.App. 601.) We conclude that plaintiff did not waive his right to assert the doctrine of impossibility.

■■ Defendants have also contended, albeit indirectly, that plaintiff failed to establish the existence of an incapacitating disability. In contrast to *Davies v. Arthur Murray, Inc., supra,* wherein the plaintiff relied solely upon his own uncorroborated testimony, plaintiff in the case at bar produced both lay witnesses and expert medical testimony corroborating the severity and permanency of his injuries. That testimony need not be recited; suffice it to say that overwhelming evidence supported plaintiff's contention that he was incapable of continuing his lessons. Accordingly, we hold that the trial court correctly found for plaintiff under Count I.

Plaintiff's Count II, which alleged fraud and sought punitive damages, was dismissed by the trial judge at the close of plaintiff's case. It is

contended on appeal that representations to plaintiff that he had "exceptional potential to be a fine and accomplished dancer," that he had "exceptional potential" and that he was a "natural born dancer" and a "terrific dancer" fraudulently induced plaintiff to enter into the contracts for dance lessons.

■■ Generally, a mere expression of opinion will not support an action for fraud. (I.L.P. Fraud sec. 8.) In addition, misrepresentations, in order to constitute actionable fraud, must pertain to present or preexisting facts, rather than to future or contingent events, expectations or probabilities. (*Hayes v. Disque*, 401 Ill. 479, 82 N.E.2d 350.) Whether particular language constitutes speculation, opinion or averment of fact depends upon all the attending facts and circumstances of the case. (*Bultitta v. Lawrence*, 346 Ill. 164, 178 N.E. 390.) Mindful of these rules, and after carefully considering the representations made to plaintiff, and taking into account the business relationship of the parties as well as the educational background of plaintiff, we conclude that the instructors' representations did not constitute fraud. The trial court correctly dismissed Count II. We affirm.

Affirmed.

LEIGHTON and HAYES, JJ., concur.