WILLIAM K. OLTMER *et al.*, Plaintiffs-Appellants, *v.* JOSEPH B. ZAMORA *et al.*, Defendants.—(ED DROBISCH & CO., REALTORS, *et al.*, Defendants-Appellees.)

Fourth District   No. 16602

Opinion filed March 23, 1981.—Rehearing denied April 21, 1981.

Robert D. Owen and Linda M. Castleman, both of Owen, Roberts, Susler & Murphy, of Decatur, for appellants.

Richard J. Welsh and Charles C. Hughes, both of Welsh, Kehart, Shafter & Heavner, of Decatur, for appellees.

Mr. JUSTICE GREEN delivered the opinion of the court:

Plaintiffs, William K. Oltmer and Bonnie J. Oltmer, appeal judgments of the circuit court of Macon County entered in favor of defendants, Ed Drobisch & Co., Realtors, an Illinois corporation, and Juanita Jones, and against plaintiffs notwithstanding the failure of the jury to agree upon a verdict as to counts II and III of plaintiffs' complaint. We deem the evidence to have been sufficient to raise a question of fact as to each count and accordingly reverse and remand for a new trial.

Suit was filed January 12, 1979. It concerned the sale of residence property by defendants, Joseph B. and Elaine M. Zamora, to plaintiffs. Count I charged those defendants with a breach of the implied warranty of habitability. Plaintiffs obtained a jury verdict for $7,500 on that count and it is not before us on appeal. Counts II and III charged defendants, Ed Drobisch & Co., Realtors, and Jones, with misrepresentation. Count II sought compensatory damages and count III sought punitive damages. These were the counts upon which the jury was unable to agree and upon which the court, after discharging the jury, entered judgment notwithstanding the inability of the jury to agree. Judgment on those counts is before us on appeal after the trial court's finding pursuant to Supreme Court Rule 304(a). 73 Ill. 2d R. 304(a).

Plaintiffs were a married couple who moved from Independence, Missouri, to the Decatur area. Wishing to buy a home in that area, they

contacted the defendant Drobisch firm, who sent their agent, defendant Jones, to plaintiffs. She showed plaintiffs several houses and they eventually purchased one of these homes, that house built and owned by the defendants Zamora. The undisputed evidence at trial showed the house to be 13 to 15 inches higher on its south side than on its north side. The evidence upon which the claim of misrepresentation was based was sharply disputed. Taken most favorably to plaintiffs, as it must be (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504) it showed: (1) Juanita Jones was an aunt of Elaine M. Zamora but did not disclose this to plaintiffs; (2) Mrs. Jones disparaged several of the houses which she showed to plaintiffs; (3) Mrs. Jones told plaintiffs that Joseph B. Zamora who built the house was a "very reputable" builder and "one of the best in the area" although she knew he had never built any type of structure before; (4) Mrs. Jones had made several inspections of the house but when told by Mr. Oltmer, during the showing of the house, that he felt like he was "walking uphill," responded that could not be so because the house was new; and (5) when measurements confirmed the existence of the sloping nature of the house, Mrs. Jones suggested to plaintiffs that they attempt to sell it and implied that they do so without informing the purchasers of the problem.

■■ The parties agree that for a statement of a person to constitute the tort of misrepresentation it must be (1) of a material nature, (2) untrue, (3) known by the person making it to be untrue, believed by him to be untrue, or made in culpable ignorance of its truth or falsity, (4) relied upon by the victim to his detriment, (5) made for the purpose of inducing the reliance, and (6) such that the victim's reliance led to his injury. *Mother Earth, Ltd. v. Strawberry Camel, Ltd.* (1979), 72 Ill. App. 3d 37, 390 N.E.2d 393; *Broberg v. Mann* (1965), 66 Ill. App. 2d 134, 213 N.E.2d 89.

Defendants emphasize that the representation must be as to matters of fact and not of opinion, citing *Parker v. Arthur Murray, Inc.* (1973), 10 Ill. App. 3d 1000, 295 N.E.2d 487. There, statements by dance-hall proprietors to a customer that he had great potential as a dancer made for the purpose of inducing the customer to contract for lessons were as a matter of law held to be insufficiently factual to constitute the basis of fraud. However, we consider determination of whether a statement which might appear to be an opinion is nevertheless to be treated as a statement of fact is more complicated than *Parker* would indicate. The Restatement spoke to the question in the following manner:

"Representation of Opinion Implying Justifying Facts

(1) A statement of opinion as to facts not disclosed and not otherwise known to the recipient may, if it is reasonable to do so, be interpreted by him as an implied statement

(a) that the facts known to the maker are not incompatible with his opinion; or

(b) that he knows facts sufficient to justify him in forming it.

(2) In determining whether a statement of opinion may reasonably be so interpreted, the recipient's belief as to whether the maker has an adverse interest is important." Restatement (Second) of Torts §539 (1965).

The comments to the foregoing state in part:

"Comment on Subsection (1):

a. Frequently a statement which, though in form an opinion upon facts not disclosed or otherwise known to their recipient, is reasonably understood as implying that there are facts that justify the opinion or at least that there are no facts that are incompatible with it. Thus, when land is bought as an investment, a statement, even by the vendor, that a tenant under a long term lease is a good tenant implies that his conduct has been such that it would not be entirely inappropriate to call him a good tenant. Such a representation is therefore fraudulent if the vendor knows that the tenant has rarely paid his rent except under pressure of legal proceedings, since the vendor is giving a materially false picture of the tenant's conduct.

* * *

Comment on Subsection (2):

c. The habit of vendors to exaggerate the advantages of the bargain that they are offering to make is a well recognized fact. An intending purchaser may not be justified in relying upon his vendor's statement of the value, quality or other advantages of a thing that he is intending to sell as carrying with it any assurance that the thing is such as to justify a reasonable man in praising it so highly. However, a purchaser is justified in assuming that even his vendor's opinion has some basis of fact and therefore in believing that the vendor knows of nothing which makes his opinion fantastic."

Professor Prosser appears to be in complete agreement. He states:

"Further than this, it has been recognized very often that the expression of an opinion may carry with it an implied assertion, not only that the speaker knows no facts which would preclude such an opinion, but that he does know facts which justify it. There is quite general agreement that such an assertion is to be implied where the defendant holds himself out or is understood as having special knowledge of the matter which is not available to the plaintiff, so that his opinion becomes in effect an assertion summarizing his knowledge." Prosser, Torts §109, at 726 (4th ed. 1971).

■■ Under the theory of the cited text, a statement by Juanita Jones, that Joseph B. Zamora was a reputable builder who was one of the best in the area when he had never built a structure before the house involved here, would be the basis of a cause of action in misrepresentation. Under section 539 of the Restatement (Second) of Torts, and under Prosser, her adverse interest and plaintiffs' unfamiliarity with Zamora, respectively, would be of substantial significance.

The decision in *Bergman & Lefkow Insurance Agency v. Flash Cab Co.* (1969), 110 Ill. App. 2d 415, 249 N.E.2d 729, is consistent with the texts. An insurance agent assured an official of a taxicab company that a particular insurance carrier was financially sound and capable of carrying their risk. The agent had an interest in the insurance carrier not revealed to the cab company official. Although the statement might appear to have been merely an opinion, it was held to have been a sufficient basis to support a jury determination of fraud after the carrier turned out to have been very unsound financially. Citing *Endsley v. Johns* (1887), 120 Ill. 469, 12 N.E. 247, the court reasoned that the belief of the recipient of a statement as to whether the maker of a statement has an interest adverse to him is significant in determining whether the statement be treated as one of opinion or of fact. That is precisely the theory of Restatement (Second) of Torts §530(2) (1965). In *Bergman & Lefkow Insurance Agency*, the person making the statement had an undisclosed interest adverse to the recipient of the statement. Here there was evidence that Mrs. Jones had an undisclosed interest adverse to plaintiffs. In both cases the jury could have treated the statement in issue as one of fact.

■■ As the tort of misrepresentation involves fraud, the party claiming fraud is required to prove that element by clear and convincing evidence but it may be proved by either direct or circumstantial evidence. (*Racine Fuel Co. v. Rawlins* (1941), 377 Ill. 375, 36 N.E.2d 710.) That standard requires evidence stronger than that which merely predominates but does not require proof beyond a reasonable doubt. (*In re Estate of Ragen* (1979), 79 Ill. App. 3d 8, 398 N.E.2d 198.) Whether to believe plaintiffs or Mrs. Jones as to whether she made the claimed statement as to Joseph B. Zamora's reputation as a builder was for the jury. Should the plaintiffs be believed, the jury could properly deem that evidence clear and convincing that Mrs. Jones made a misrepresentation that could be treated as one of fact. Such a determination would be supported by the circumstantial evidence that she (1) disparaged other houses, (2) sharply disagreed with Mr. Oltmer's mention of the possibility that the floor sloped, and (3) when the defect in the house was fully established, implied to plaintiffs that they should attempt to sell the house without revealing the defect. We conclude that the jury could also have found the evidence to be clear and convincing that Mrs. Jones knew of Joseph B. Zamora's lack of previous experience or was culpably ignorant as to

whether he had previous experience and that plaintiffs relied upon her statement in purchasing the house and would not have done so had they known of the defect.

A jury question existed as to counts II and III. The trial court erred in entering judgment as to those counts. Those judgments are reversed and the cause is remanded to the circuit court of Macon County for a new trial as to counts II and III.

Reversed and remanded for a new trial.

TRAPP, P. J., and CRAVEN, J., concur.