(No. 77-CC-130 )

I & D PHARMACY, INC., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 2, 1984.*

*Order on motion for reconsideration filed October 4, 1984.*

*Order on motion seeking interest filed March 18, 1985.*

LISCO & FIELD, for Claimant.

NEIL F. HARTIGAN, Attorney General (PAUL M. SENG-PIEHL and ROBERT J. SKLAMBERG, Assistant Attorneys General, of counsel), for Respondent.

POCH, J.

The Claimant and Respondent had entered into a contractual agreement many years prior to 1976 wherein the Claimant, a retail pharmacy, was to participate in the medical assistance program and fill medical prescriptions for public aid recipients. This contractual relationship went on for many years, and in early 1976

the Respondent, through the Illinois Department of Public Aid, undertook an investigation into certain claimed irregularities. After a hearing the Department of Public Aid, acting at the order of its director, affirmed the decision of the hearing officer that Claimant had been making misrepresentations about the quantity of its services and had been submitting altered prescription forms for payment by the Respondent. The director then terminated the Claimant's contract with the State.

The Claimant appealed this action, and the Claimant and the Department of Public Aid entered into a settlement agreement which included termination of the contract. While the appeal was pending the Claimant filled 10,725 prescriptions for public aid recipients for which Claimant alleges that it is owed $68,320.00 for such services.

The Respondent asserts that the Claimant is not entitled to payment for services after the original termination of the contract and that the Claimant's acts constituted a fraud upon the State which bars the claim.

The Respondent's initial defense is that the services rendered after the contract was terminated by the director on February 26, 1976, are not entitled to payment. The director took such action without referral of the claimed fraud to the Attorney General for prosecution. Section 12—16 of the Illinois Public Aid Code (Ill. Rev. Stat. 1975, ch. 23, par. 12—16) provides that the Attorney General shall have the right to initiate court action against a vendor. While the director has the authority to promulgate rules governing the quality and quantity of medical services rendered by vendors (Ill. Rev. Stat. 1975, ch. 23, par. 12—13), there is no statutory authority for the director to act as he did in the instant case in terminating Claimant's rights under the contract.

The Supreme Court of Illinois has had occasion to review the statutory duties and rights at issue. In *Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 370 N.E.2d 223, the court found that the director of the Department of Public Aid did not have authority to suspend a vendor's right to continued participation in the medicaid program. We find this authority to be persuasive and controlling. The Claimant's contract was terminated by the director. While this decision was being appealed, the Claimant continued to fill prescriptions for public aid recipients, which totaled 10,725 during the time the appeal was pending. We therefore find that the director's action was improper and that the Claimant could continue to fill prescriptions until the date it voluntarily terminated its participation in the medical assistance program.

The Respondent additionally interposes the defense that the Claimant's alleged fraudulent acts relieve the State from any duty to pay Claimant any amounts for prescriptions filled. The Claimant offered into evidence its 10,725 prescriptions to justify its claim. The Respondent produced two witnesses to attempt to prove the Claimant presented fraudulent and altered prescriptions. The evidence is clear that there was no actual proof of fraud. The State never attempted to verify the correctness of the amount of medication prescribed or whether the recipients ever received the medication prescribed. None of the physicians who issued the prescriptions were interviewed or called by the State as witnesses.

While there is no dispute that fraud perpetrated by a Claimant will bar a claim (Ill. Rev. Stat. 1979, ch. 37, par. 439.14), the Respondent had the burden of proving such an affirmative defense. Where the State alleges that

a claim is barred by the Claimant's fraud, such defense must be proved by clear and convincing evidence. *Altmer v. Zamora* (1981), 94 Ill. App. 3d 651, 418 N.E.2d 506; *Turzynski v. Libert* (1970), 122 Ill. App. 2d 352, 359, 259 N.E.2d 295.

The Respondent's reliance on *Bethune Plaza, Inc. v. Department of Public Aid* (1980), 90 Ill. App. 3d 1133, 414 N.E.2d 183, is misplaced. That decision does not change the standard of proof of fraud by clear and convicing evidence in order to constitute an affirmative defense. In *Bethune*, a hearing examiner found that there was fraud perpetrated by the plaintiff. The appellate court, in reversing the circuit court, found that the decision was based on speculation. Such a holding does not modify the well established principle that fraud must be established by clear and convincing evidence.

A review of the evidence adduced by the Respondent fails to prove the affirmative defense of fraud by clear and convincing evidence. While the State can speculate that there is attempted fraud, that is not sufficient reason to deny the claim herein. The State has not met its burden of proof that the Claimant has presented some fraudulent or altered claims for payment. The State claims that $35,809.57 of the claims is improper. They have not proved this by clear and convincing evidence. The Respondent had ample opportunity during the pendency of this claim to make independent verification of claimed alterations and misrepresentations.

The Claimant has met its burden of proof. The Claimant is, therefore, entitled to payment of its claim in the sum of $68,320.00.

It is hereby ordered:

That the Claimant, I & D Pharmacy, Inc., be awarded the sum of sixty-eight thousand, three hundred twenty ($68,320.00) dollars.

## ORDER ON MOTION FOR RECONSIDERATION

Poch, J.

This cause coming to be heard upon the motion of the Respondent for reconsideration of this Court's opinion entered on July 2, 1984, entering an award in favor of the Claimant, due notice being given and the Claimant filing his reply and objection thereto, and this Court being fully advised.

Finds:

That there are no new factual or legal issues that have been raised by the Respondent that would cause this Court to vacate its previous opinion granting an award in favor of the Claimant.

It is hereby ordered:

That the motion of the Respondent for reconsideration of the opinion of this Court of July 2, 1984, be and the same is hereby denied.

## ORDER ON MOTION SEEKING INTEREST

Poch, J.

On July 2, 1984, this Court entered an award for the Claimant in the amount of $68,320.00. The Claimant brought a motion seeking interest pursuant to section 2—1303 of the Code of Civil Procedure (Ill. Rev. Stat., ch. 110, par. 2—1303) and costs under section 5—118 of the

Code of Civil Procedure (Ill. Rev. Stat., ch. 110, par. 5—118). The applicable sections of the Code are set forth as follows:

"§2—1303. Interest on Judgment. Judgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied or 6% per annum when the judgment debtor is a unit of local government, as defined in Section 1 of Article VII of the Constitution, a school district, a community college district, or any other governmental entity. When judgment is entered upon any award, report or verdict interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment. The judgment debtor may by tender of payment of judgment, costs and interest accrued to the date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of an appeal, or other steps to reverse, vacate or modify the judgment."

"§5—118. Costs on dismissal. Upon the action being dismissed, or the defendant dismissing the same for want of prosecution, the defendant shall recover against the plaintiff full costs; and in all other civil cases, not otherwise directed by law, it shall be in the discretion of the court to award costs or not; and the payment of costs, when awarded, may be collected in the same manner as judgments for the payment of money are enforced."

The Illinois Supreme Court has held that interest is only recoverable against the State if it is specifically provided in a statute. "Interest statutes, like statutes imposing costs, are in derogation of the common law and must be strictly construed. Nothing is to be read into them by intendment or implication." *City of Springfield v. Allphin* (1980), 82 Ill. 2d 571, 413 N.E.2d 394.

Consistent with the foregoing, it is the opinion of this Court that these sections of the Code do not specifically include the State of Illinois. In other sections of the Code involving costs, the legislature has specifically included the State of Illinois. Section 2—611 which imposes expenses and attorney fees states as follows: "The State of Illinois or any agency thereof shall be subject to the provisions of this section in the same manner as any other party." (Ill. Rev. Stat., ch. 110, par. 2—611.) This Court, therefore, finds that interest and costs are not recoverable against the State of Illinois

under sections 2—1303 and 5—118 of the Illinois Code of Civil Procedure because these sections do not specifically and clearly name the State of Illinois.