752 F.2d 307
 BARRINGTON PRESS, INC., an Illinois corporation,
Plaintiff-Counterdefendant-Appellee,
v.
Richard W. MOREY and Diana W. Morey,
Defendants-Counterplaintiffs-Cross-Complainants-Appellants,
v.
Phillip E. BASH, Cross-Defendant-Appellant.
 No. 83-2501.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 13, 1984.
Decided Jan. 10, 1985.
 
 Edward S. Margolis, Teller, Levit & Silbertrust, P.C., Chicago, Ill., for defendants-counterplaintiffs-cross-complainants-appellants.
 Michael J. Smith, Tenney & Bentley, Chicago, Ill., for plaintiff-counterdefendant-appellee.
 Before WOOD and CUDAHY, Circuit Judges, and NICHOLS, Senior Circuit Judge.*
 HARLINGTON WOOD, Jr., Circuit Judge.**
 
 
 1
 This case involves a contract dispute over the sale of a small publishing business. Plaintiff-Appellee, Barrington Press, Inc. ("Barrington"), an assignee to seller A.B. Morse Company ("Morse"), sued buyers, Defendants-Appellants, Richard and Diana Morey (the "Moreys"), for the balance due on the sales contract. The Moreys defended on grounds that the contract is void due to fraudulent inducement. Furthermore, they counterclaimed against Barrington and cross-claimed against appellee Bash, president of Morse at the time of the sale, for fraud and damages. The district court found for plaintiff in all respects, ordering payment of the balance of the contract price for the publishing business plus interest and attorney fees. Defendants filed a Rule 59(e) motion to alter or amend judgment. The district court denied the 59(e) motion. Defendants then appealed to this court the district court's order finding in favor of appellee in all respects and its order denying appellants' Rule 59(e) motion to alter or amend judgment.
 
 I.
 
 2
 Negotiations for the sale of Morse's Countryside books began between seller, Bash (Cross-Defendant-Appellee) and buyers, the Moreys (Defendants-Appellants) in late 1979 or early 1980. The Countryside books included gardening books, craft books, Country Home Guides, Small Farm Guides, a Blooming Success book, and a Bartender's Guide. The Moreys asked Bash to send them sales, costs, inventory, and gross profit figures for the gardening books in the Countryside line. Bash responded with a September 24, 1980 letter. The letter confirmed the recent conversation between the parties on the subject of the Countryside gardening books and Morse's plans to sell the gardening books. The letter also informed the Moreys that the Countryside gardening book inventories were very slow moving and that sales were declining. An appendix to the letter listed the titles of Countryside gardening books and the sales volume for each title for 1978 through the first eight months of 1980. Another appendix to the letter gave the total dollar sales, costs of goods, and gross profits for years 1975 through 1979 for the entire line of Countryside books (i.e., gardening as well as non-gardening books). However, read in the context of the letter which only discussed the Countryside gardening books, the appendix appeared to reflect sales, costs, and profits for gardening books alone. A final appendix purported to give projected sales, costs, and gross profits for 1980 through 1983 for gardening books alone, where in fact it gave the projected figures for the entire Countryside line.
 
 
 3
 The Moreys had some expertise in the area of gardening book publishing, at least in part, from their experience with publishing a gardening magazine in which Countryside gardening books had been advertised. At trial they admitted to substantial knowledge of gardening book publishing.
 
 
 4
 On December 4, 1980, Morse and the Moreys executed a purchase agreement for the Countryside gardening books for the price of $150,000, $10,000 to be paid prior to execution of the contract with the balance to be paid in four installments.
 
 
 5
 The Moreys received delivery of all items included in the purchase agreement in December, 1980 and January, 1981. Nonetheless, they have not made further payment on the $140,000 balance due.
 
 
 6
 On this appeal the Moreys argue that the district court imposed an improper burden of proof with respect to their fraud defense and claims. They also argue that the district court's findings regarding the absence of fraud by Bash were clearly erroneous.
 
 II.
 
 7
 We disagree with appellants that the district court erred in requiring them to prove their defense and claims of fraud by clear and convincing evidence. Appellants argue that Racine Fuel Co. v. Rawlins, 377 Ill. 375, 36 N.E.2d 710 (1941), cited by the district court, establishes a preponderance of the evidence standard for fraud. Racine Fuel, however, unequivocally states that "[f]raud is not presumed but must be proved ... by clear and convincing evidence," 377 Ill. at 380, 36 N.E.2d at 713, and the case has subsequently been cited by the Illinois Supreme Court for that proposition. See Ray v. Winter, 67 Ill.2d 296, 303-04, 10 Ill.Dec. 225, 229, 367 N.E.2d 678, 682 (1977). The section of Racine Fuel appellants cite grudgingly approves a jury instruction given to distinguish the burden of proof in a civil fraud action from that in a criminal case. 377 Ill. at 383, 36 N.E.2d at 714.
 
 
 8
 Although there has been some question about the appropriate burden to establish fraud under Illinois law, see, e.g., Harry Alter Co. v. Chrysler Corp., 285 F.2d 903, 906 (7th Cir.1961) (citing Barrett v. Shanks, 382 Ill. 434, 47 N.E.2d 481 (1943)); L & S Enterprises v. Great American Insurance Co., 454 F.2d 457 (7th Cir.1971) (fraud in a proof of loss need only be proven by a preponderance of the evidence when advanced as a defense to an insurance claim, relying on Esquire Restaurant Inc. v. Commonwealth Insurance Co. of New York, 393 F.2d 111 (7th Cir.1968) (citing Sundquist v. Hardware Mutual Fire Insurance Co. 371 Ill. 360, 21 N.E.2d 297 (1939)), the Illinois Supreme Court has recently affirmed the clear and convincing standard. See Hofmann v. Hofmann, 94 Ill.2d 205, 222, 68 Ill.Dec. 593, 600, 446 N.E.2d 499, 506 (1983); see also Merit Insurance Co. v. Colao, 603 F.2d 654, 658 (7th Cir.1979), cert. denied, 445 U.S. 929, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980); Merit Insurance Co. v. Colao, 603 F.2d at 660 (Wood, J., dissenting in part). "That standard requires evidence stronger than that which merely predominates but does not require proof beyond a reasonable doubt." Oltmer v. Zamora, 94 Ill.App.3d 651, 655, 49 Ill.Dec. 652, 655, 418 N.E.2d 506, 509 (1981). We hold that the district court committed no error in requiring clear and convincing proof of fraud.
 
 III.
 
 9
 The Moreys allege that Bash, as agent of Morse, fraudulently misrepresented various sales figures and the future sales and profitability of the horticultural books in the Countryside line. Although we are not certain, the district court's analysis of the alleged fraud seems to suggest that the court rejected the allegation, at least in part, on grounds that the evidence was less than clear and convincing that the seller made a material misrepresentation. Although it is somewhat unclear, the district court appears to have found no material misrepresentation because it found neither misrepresentation nor materiality. We uphold the finding of no material misrepresentation on grounds of lack of materiality.
 
 
 10
 The record indicates that the seller indeed did misrepresent to the buyer in a September 24, 1980 letter that the gross dollar sales and profits of the Countryside gardening books for 1975 through 1980 were greater than in fact they were. This misrepresentation was indefensible and to the extent the district court's finding of no material misrepresentation rests upon a finding of no misrepresentation it is clearly erroneous.[1]
 
 
 11
 However, the district court could have found no material misrepresentation on grounds of lack of materiality and we cannot say that such a finding is clearly erroneous. A misrepresentation is "material" if "it relates to a matter upon which plaintiff could be expected to rely in determining to engage in the conduct in question." Mother Earth, Ltd. v. Strawberry Camel, Ltd., 72 Ill.App.3d 37, 49, 28 Ill.Dec. 226, 390 N.E.2d 393 (1979); see also Lytton v. Cole, 54 Ill.App.2d 161, 176, 203 N.E.2d 590 (1964). The district court found that defendants had "ample opportunity to review the marketability of plaintiff's Countryside Books," had "substantial knowledge" of the market, and had other accurate figures and statements from the seller reflecting the problems with the horticultural line of Countryside books. These findings are supported by the record. In the context of these findings a finding that the misrepresentation regarding gross dollar sales and profits is immaterial is not clearly erroneous.
 
 
 12
 Having upheld the district court's finding of no material misrepresentation we need not reach the question of whether the court's finding that the misrepresentation was not made knowingly is clearly erroneous.
 
 
 13
 At this appellate stage appellants were at a great disadvantage. To prevail they had to overcome the clear error rule and establish in the record all the elements of a fraud claim by clear and convincing evidence. This they have failed to do. Although we find clear error in a finding of no misrepresentation we must nonetheless affirm on the ground that it was not clearly erroneous to find that the misrepresentation was not material.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable Philip Nichols, Jr., Senior Circuit Judge of the United States Court of Appeals for the Federal Circuit, is sitting by designation
 
 
 **
 Judge Nichols made substantial contributions to this opinion
 
 
 [1]
 Appellants argue that the projections of future sales and profitability of the gardening books in the Countryside line, given in the last appendix to the same September 24 letter, constitute a misrepresentation since they include projections for gardening as well as non-gardening books. These projections cannot ground a fraud claim, however, because they are predictions or opinions regarding future business performance, not representations of pre-existing material facts. Pustelniak v. Vilimas, 352 Ill. 270, 275, 185 N.E. 611 (1933). Appellants' reliance on the exception to this pre-existing material fact requirement given in Willis v. Atkins, 412 Ill. 245, 260, 106 N.E.2d 370 (1952) and Carroll v. First National Bank of Lincolnwood, 413 F.2d 353, 358 (7th Cir.1969) is misplaced since those cases involved promises of future conduct by the seller, whereas here the misrepresentation regards the seller's projections or opinion as to the business's future sales and profitability, something the seller had no control over after selling the business