**Mark MARKARIAN, Plaintiff,**

v.

**Zakar GAROOGIAN, Dr. Jack Wilkinson and Donald Alloian, Defendants.**

**No. 91 C 108.**

United States District Court, N.D. Illinois, E.D.

Sept. 12, 1991.

Howard L. Stone, David A. McGuire, Michael L. Siegel, Carlo E. Poli, Stone, McGuire & Benjamin, Chicago, Ill., for plaintiff.

Fred B. Raskin, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

All three defendants in this case have moved to dismiss plaintiff's first amended complaint. On June 17, 1991, this court denied the motion to dismiss filed by defendant Donald Alloian. The court now considers the motion to dismiss of defendants Zakar Garoogian and Dr. Jack Wilkinson.

The facts of the case are set forth in the court's June 17 memorandum order (767 F.Supp. 173); therefore, they shall not be recounted in this opinion.

## DISCUSSION

In support of their motion to dismiss, Garoogian and Wilkinson raise many of the same arguments that were raised in Alloian's motion to dismiss. First, defendants contend that the court lacks personal jurisdiction over them. Second, they argue that Count I of the complaint (which sounds in common law fraud) should be dismissed because plaintiff Mark Markarian has failed to state a claim. Finally, defendants assert that Markarian's breach-of-contract claim in Count II should be dismissed as unenforceable under the Statute of Frauds.

### I. Lack of Personal Jurisdiction

■ Wilkinson claims that the court lacks personal jurisdiction over him be-

cause he never had any contact with Illinois during the relevant time period. Garoogian also seeks dismissal for lack of personal jurisdiction, though he admits to having appeared in Illinois in connection with this cause of action.

This court's previous order disposes of defendants' jurisdictional challenge. In rejecting a similar argument advanced by defendant Alloian, the court found that Markarian's allegations were sufficient to establish a prima facie case of personal jurisdiction under the conspiracy theory of jurisdiction. *Memorandum Order,* 767 F.Supp. at 176–179. Since Markarian has alleged that defendants were part of an actionable conspiracy, and that one of the co-conspirators (*i.e.,* Garoogian) committed jurisdictional acts within Illinois in furtherance of the conspiracy, the court may exercise personal jurisdiction over all of the alleged co-conspirators. *Id.* at 178–179.

## II. Failure to State a Claim (Count I)

■ Next, defendants argue that Count I of the first amended complaint fails to state a claim for fraud. Defendants do not deny that the complaint identifies several misrepresentations made by both Wilkinson and Garoogian. Instead, they assert that Markarian has failed to indicate which statements were made by Wilkinson and which statements were made by Garoogian.

For purposes of withstanding defendants' motion to dismiss, Markarian's allegations are sufficient. It is true that Markarian attributes the fraudulent misrepresentations to both of the defendants. But that does not mean that there is any problem with notice or the form of the pleading; defendants can simply admit or deny making each alleged misrepresentation. Considering Markarian's detailed allegations, specifying the time frame and place of the fraud, defendants cannot persuasively argue that they have not been apprised of the nature of the claims against them.

■ Wilkinson argues that Markarian's allegations are defective as to him because Markarian "has failed to allege that Wilkinson knew or believed the statements he made were untrue." *Motion to Dismiss,*

767 F.Supp. at 175–176. This argument is untenable. In paragraph 34 of the complaint, Markarian specifically alleges that the misrepresentations were made "with knowledge of their falsity."

Wilkinson has overlooked the fact that even if he did not personally utter a misrepresentation, he is nonetheless liable for the conduct of his co-conspirators. Each defendant may be held responsible for a co-conspirator's fraudulent statements or conduct that furthered the conspiracy. *Memorandum Order,* 767 F.Supp. at 179–180. And, as this court previously ruled, Markarian has adequately alleged that all of the defendants participated in an actionable conspiracy and that at least one co-conspirator committed substantial acts in furtherance of this conspiracy. *Id.* at 178.

■ In conclusory fashion, both defendants assert that the alleged misrepresentations are immaterial and, therefore, nonactionable. Defendants have not provided any support for their position; they do not even explain why the misrepresentations are not material. As a general rule, "[a] misrepresentation is 'material' if 'it relates to a matter upon which plaintiff could be expected to rely in determining to engage in the conduct in question.'" *Barrington Press, Inc. v. Morey,* 752 F.2d 307, 310 (7th Cir.1985) (quoting *Mother Earth, Ltd. v. Strawberry Camel, Ltd.,* 72 Ill.App.3d 37, 49, 28 Ill.Dec. 226, 237, 390 N.E.2d 393, 404 (1979)). Under this standard of materiality, the court fails to see how the alleged misrepresentations can be considered immaterial. The misrepresentations relate to the value and capabilities of the cold fusion invention, thereby affecting Markarian's decision to invest his own money in the invention. Defendants argue that Markarian could not have actually believed or reasonably relied upon the alleged misrepresentations. Like defendants' other arguments, this argument has already been rejected by the court. *Memorandum Order,* 767 F.Supp. at 180. A rational factfinder could find that Markarian reasonably relied upon the misrepresentations.

Defendants' arguments, which the court found unpersuasive in Alloian's motion to dismiss, are not any more persuasive the second time around. Markarian's fraud claim stands.

### III. Failure to State a Claim (Count II)

Garoogian is the only defendant named in Count II. Thus, the court did not previously consider the legal sufficiency of this count in connection with Alloian's motion to dismiss.

■ In Count II, Markarian asserts a claim for breach of an oral contract. Garoogian contends that Markarian's contract claim should be dismissed because the alleged contract is unenforceable under the Statute of Frauds. The Statute of Frauds renders certain oral contracts unenforceable as a matter of law. According to Garoogian, the contract falls within the Statute of Frauds for two reasons: 1) the contract involves the sale of goods for $500 or more; and 2) the contract is not capable of being performed within one year from the date of formation.

Under § 2–201 of the Uniform Commercial Code (which supplies the Statute of Frauds for certain commercial transactions), "a contract for the sale of goods for the price of $500 or more" is voidable unless there is some writing which evidences the contract. Ill.Rev.Stat. ch. 26, para. 2–201(1) (1989). Markarian contends that this provision is inapplicable because the contract at issue did not involve the sale of "goods" within the meaning of the Code.[1] This court agrees. The contractual arrangement described in the complaint does not resemble a transaction in goods. Rather, the agreement is akin to a pure investment contract. Markarian agreed to invest a large sum of money in Garoogian's cold fusion invention in return for a share of the profits derived from the invention.

Pursuant to the contract, Markarian initially invested $1,650,000. For his part, Garoogian had to complete production of the invention and demonstrate that it actually worked. *First Amended Complaint*, ¶ 21. After Garoogian "conclusively" demonstrated that the invention could perform as represented, Markarian would raise an additional $8,350,000 for investment in the invention. In exchange for Markarian's investment, Garoogian promised that "Markarian would receive ten percent of the first $1,000,000,000 in royalties and other profits made by the invention and that one hundred percent of all royalties and profits thereafter would be divided among Markarian and all other investors." *Id.*

The terms of the contract as set forth in the complaint do not demonstrate that the parties bargained for a sale of goods. Markarian was essentially paying for Garoogian's purported expertise in developing the cold fusion invention and putting it into operation. The contractual relationship was based on Markarian's expectation of profits from Garoogian's efforts. There is no provision in the alleged contract for the transfer or sale of the invention itself. Garoogian did agree to disclose the "design and processes for making the invention"; but there is nothing in the complaint to suggest that he would relinquish his ownership rights or interest in the invention. It is apparent that disclosure of the design was not the primary object of the contract. With or without the design, Markarian was still relying on Garoogian's services to cultivate the invention and generate profits. The contract simply does not involve goods. The Statute of Frauds provision of the Uniform Commercial Code is therefore inapplicable.

■ Garoogian also argues that the contract is unenforceable under the broader, more general Statute of Frauds provision found in Ill.Rev.Stat. ch. 59, para. 1 (1989).

---

**1.** The Uniform Commercial Code defines "goods" as follows:

'Goods' means all things, including specially manufactured goods, which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Article 8)

and things in action. 'Goods' also includes the unborn young of animals and growing crops and other identified things attached to realty as described in the section on goods to be severed from realty (Section 2–107).
Ill.Rev.Stat. ch. 26, para. 2–105(1) (1989).

That provision encompasses several types of contracts, including "any agreement that is not to be performed within the space of one year from the making thereof." *Id.* Garoogian maintains that the contract described in the complaint is the type of agreement that cannot be performed within one year from its making. As Garoogian points out, the contract provides for the continuous distribution of income. The court believes that Garoogian's continuing obligation to account for profits and royalties does in fact render the contract incapable of full performance in the first year. *See Kastner v. Gover*, 19 A.D.2d 480, 244 N.Y.S.2d 275, 277 (1963), *aff'd*, 14 N.Y.2d 821, 200 N.E.2d 455, 251 N.Y.S.2d 472 (1964).

Despite the fact that the contract cannot be fully performed within one year, the Statute of Frauds does not preclude its enforcement because Markarian completely performed his part of the bargain when he paid $1,650,000 to Garoogian and Wilkinson. "[W]hen one party to a contract completes his performance, the one-year provision of the statute does not prevent enforcement of the promises of the other party." *American College of Surgeons v. Lumbermens Mut. Casualty Co.*, 142 Ill. App.3d 680, 700, 96 Ill.Dec. 719, 739, 491 N.E.2d 1179, 1193 (1986); *see also Kozasa v. Guardian Elec. Mfg. Co.*, 99 Ill.App.3d 669, 677, 54 Ill.Dec. 920, 927, 425 N.E.2d 1137, 1144 (1981). Although the parties contemplated that $10,000,000 would ultimately be invested in the invention, Markarian was not obligated to raise the additional money if Garoogian failed to demonstrate that the invention performed as represented. Since Garoogian did not conduct a successful demonstration, the contract required him to return Markarian's initial investment of $1,650,000. *First Amended Complaint*, ¶ 21. Markarian had no further obligations under the contract. Having completely performed his part of the bargain prior to the alleged breach by Garoogian, Markarian may enforce the contract to get his money back. Thus, Markarian's contract claim withstands the motion to dismiss.

## CONCLUSION

For the foregoing reasons, the motion to dismiss of defendants Garoogian and Wilkinson is denied.

IT IS SO ORDERED.