(No. 92-CC-1060-

JOHN P. TULLY, Claimant, *v.* THE STATE OF ILLINOIS, STATE BOARD OF ELECTIONS, OFFICE OF THE SECRETARY OF STATE OF ILLINOIS, and OFFICE OF THE ATTORNEY GENERAL OF ILLINOIS, Respondents.

*Opinion filed August 25, 1994.*

*Order on petition for rehearing filed December 29, 1994.*

ALBERT BROOKS FRIEDMAN, LTD., for Claimant.

ROLAND W. BURRIS, Attorney General (JOHN SIMON, Assistant Attorney General, of counsel), for Respondents.

## OPINION

JANN, J.

This cause came before the Court on Respondent's motion to dismiss the complaint of Claimant, John P. Tully. Claimant Tully filed an amended complaint on December 15, 1992. Respondents' counsel did not receive a copy of said amended complaint until oral argument was held on July 22, 1993, in Chicago, Illinois. Respondent was granted leave to file a reply in support of its motion to dismiss at the oral argument. Claimant was granted leave to file a memorandum in support of his claim on the same date. The aforementioned documents were subsequently filed by the respective parties.

Claimant seeks recovery of attorney fees, costs and interest incurred in litigation arising out of his election to the Illinois Appellate Court, 1st judicial district.

### Facts

On or about October 4, 1989, William S. White submitted a judicial declaration of candidacy to the Secretary of State and requested certification of his candidacy pursuant to article VI section 12(d) of the Illinois constitution for retention to the Illinois Appellate Court. On July 29, 1989, Justice White had attained the age of 75, the age of mandatory retirement under the Illinois Compulsory Retirement of Judges Act. Justice White's declaration of intent to succeed himself was acknowledged by the Secretary of State and transmitted to the State Board of Elections. The State Board of Elections recorded and certified Justice White's certificate in December, 1989. Justice White had included a letter with his declaration of candidacy to the Secretary of State that he would challenge the constitutionality of the Illinois Compulsory Retirement of Judges Act claiming that said statute constituted unlawful age discrimination.

In November 1989 Claimant filed four separate sets of petitions, containing the signatures of the requisite number of registered voters, in order to qualify as a candidate for the position of Illinois Appellate Court Justice, in the March 1990 Democratic primary. In December 1989 Claimant withdrew his name from the candidacy of three of the original vacancies chosen and chose to remain as a qualified candidate for the "vacancy of William S. White." (The Secretary of State's office listed White's office as a vacancy at this time.) On December 5, 1989, the Secretary of State mailed copies of the certification of all judges seeking retention to the State Board of Elections as required. Justice White's certification was included in this mailing.

Claimant won the March 1990 Democratic primary election. The State Board of Elections certified Claimant and the winner of the Republican primary, Lester Bonaguro, as candidates to be placed on the general election ballot to fill the vacancy of William S. White in the November 6, 1990, general election.

On August 31, 1990, the State Board of Elections, having received no objections from any parties, certified Justice White's name on the judicial retention ballot. Ergo, Claimant and his Republican counterpart were placed on the ballot to fill the vacancy of Justice White and Justice White was placed on the ballot for retention. Claimant stated he had contacted the Secretary of State's office on several occasions after the primary election and before the date Justice White was certified for retention. He was not informed that Justice White's name was to be placed on the ballot until two months before the November 1990 general election.

On October 1, 1990, Claimant's attorney sent out emergency letters to Respondents objecting to the appearance

of Justice White's name on the ballot. On October 4, 1990, Claimant filed an emergency petition for an order of mandamus in the circuit court of Cook County, approximately one month prior to the general election. Claimant requested various forms of emergency relief including: an order of mandamus commanding Respondents to declare Justice White ineligible; an order enjoining further printing and distribution of the ballots containing White's name; costs and any other relief deemed just and proper. White responded to the complaint, alleging the affirmative defense that the Compulsory Retirement of Judges Act was unconstitutional. The Secretary of State, the State Board of Elections and the Cook County clerk all filed answers stating they would abide by the decision of the circuit court. The Attorney General was not a party to the suit. The circuit court entered an order maintaining the status quo and retaining White's name on the retention ballot as the ballots had been printed and absentee ballots had been sent out and received. Claimant Tully and his Republican opponent remained on the ballot to fill White's vacancy.

On November 6, 1990, Justice White was elected to succeed himself and simultaneously, Claimant was elected to fill the vacancy of Justice White.

On November 27, 1990, the circuit court held the Mandatory Retirement of Judges Act to be unconstitutional, declared the retention of Justice White valid, and declared the election of Claimant null and void.

On June 4, 1991, the Illinois Supreme Court reversed the decision of the circuit court and declared that White was bound by the doctrine of laches from asserting any challenge, constitutional or otherwise, to the retirement statute. Justice White had never made a legal challenge to the constitutionality of the Retirement Act until filing an affirmative defense in *Tully v. Illinois*. White's election was

vacated and the Supreme Court mandated that the Board of Elections declare Claimant the valid winner. (See *Tully v. Illinois* (1991), 143 Ill. 2d 425, 574 N.E.2d 659.) On August 1, 1991, Claimant was seated on the appellate court, first district, with full back pay for the eight months he was barred from sitting by the adverse lower court ruling.

Claimant seeks attorney fees in the amount of $16,450, interest expense of $2,400 for monies borrowed during the circuit court and supreme court cases and costs of $1,000 in the lower court case. Claimant seeks relief under 42 U.S.C. section 1983 for all actual damages sustained as a result of alleged infringements of his constitutional rights and under 42 U.S.C. section 1988 for attorneys' fees. Claimant also alleges that his injuries were the direct and proximate result of the intentional acts of officers, employees or authorized agents of Respondents while acting within the scope of their employment. Claimant contends that when White filed for retention as an appellate court justice, contrary to the Retirement Act, it was the duty of the Attorney General to challenge the merits of White's actions on behalf of the people of the State of Illinois. Claimant further asserts that after his election on November 6, 1990, it was the Attorney General's duty to represent Claimant as a duly elected official of the State and that the Attorney General's failure to represent Claimant resulted in the costs previously enumerated. Claimant also asserts that Respondents acted to deprive him of first and fourteenth amendment rights.

## The Law

Respondent argues that the first amended complaint, like the original complaint, fails to allege the existence of specific statutory authority which would allow Claimant to recover costs and attorney fees. Claimant argues he is entitled to recover under a tort theory claiming

Respondents breached their duty to Claimant in allowing White's name on the ballot. We find Respondent breached no duty to Claimant. The circuit court, in fact, ordered the status quo maintained. The supreme court in its reversal of the circuit court's decision to seat White rather than Tully recognized the expense and prejudice to Tully but did not see fit to award costs. (*Tully v. Illinois, supra.*) Count I states no statutory basis for the recovery of attorneys' fees or costs. We have consistently held that the law in Illinois is clear that one cannot recover for attorneys' fees and court costs unless provided under specific statutory authorization. (*Kadlec v. Illinois Department of Public Aid* (1987), 508 N.E.2d 342 (Ill. App. 1st Dist.)) The Illinois Supreme Court·has further held that interest is only recoverable against the State if it is specifically provided in a statute. (*I&D Pharmacy v. State* (1984), 37 Ill. Ct. Cl. 37, 42.) Count I fails to state a claim upon which relief can be granted and is hereby dismissed.

Count II asserts that Claimant was owed representation by the Attorney General in his litigation against White or that in the alternative, the Attorney General should have paid his costs of litigation. Claimant relies upon *Ware v. State* (1985), 37 Ill. Ct. Cl. 43. The *Ware* case is easily differentiated and is not apposite to the case at bar. *Ware* stated that the Attorney General's statutory duty arises when the action involved is premised upon an act resulting from the performance of an official act. (*Ware* at 49.) Claimant Tully's case arose from his status as a candidate, not as a result of an act arising out of his judicial duties. When Claimant filed his suit in circuit court, his status as an elected official was not settled; further, the circuit court ordered the status quo maintained and thereby no duty arose on the·part of the Attorney General. Tully's election on November 6, 1990, at which time Justice White was simultaneously elected to succeed himself, did not put Tully in the circumstances outlined

by *Ware, supra.* Although both White and Tully were elected, Tully was not seated on the Appellate Court until August 1, 1991, and did not undertake judicial duties until said time. We find count II fails to state a cause of action upon which relief may be granted and is hereby dismissed.

Count III asserts deprivation of due process under 42 U.S.C. section 1983 by Respondents' various actions in certifying White on the retention ballot. The U.S. Supreme Court has held in *Will v. Michigan Department of State Police* (1989), 109 S. Ct. 2304 that "neither a State nor its officials acting in their official capacities are persons under §1983." As Claimant fails to state a claim under section 1983, count III must be dismissed.

This cause is hereby dismissed.

## ORDER

JANN, J.

This cause comes on to be heard on Claimant's petition for rehearing. The Court having reviewed the record and Claimant's petition finds:

Claimant's petition is hereby denied. Despite Claimant's swearing in, and eventual recoupment of back pay to the date thereof, Claimant's cause of action arose out of circumstances of his contested election, not the performance of official duties.

This cause is hereby dismissed with prejudice.